Johnny J. E. MEADOWS, Plaintiff-Appellant,

v.

Lon EVANS, Sheriff, Tarrant County, Texas, Defendant-Appellee.

No. 74–3362.

United States Court of Appeals, Fifth Circuit.

March 25, 1976.

Rehearing En Banc Granted May 20, 1976.

Richard M. Lannen, Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex. (Court appointed not under the Act), for plaintiff-appellant.

Tim C. Curry, Crim. Dist. Atty., Howard M. Fender, Asst. Dist. Atty., Ft. Worth, Tex., John L. Hill, Atty. Gen., Austin, Tex., for defendant-appellee.

Before BROWN, Chief Judge, TUTTLE and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The instant cause concerns the propriety of the district judge in dismissing an action clearly labeled as a civil rights complaint for damages under 42 U.S.C.A. § 1983 on the ground that the complaint set forth an action in habeas corpus requiring exhaustion of state remedies. On the basis of our recent analysis of this legal issue in *Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976) [Slip Opin. No. 74-2723, March 25, 1976], we reverse and remand *first*, for consideration of any damage claims made for asserted deprivations during confinement, which can be made without exhaustion, and *second*, for consideration of the statute of limitations effect of the dismissal of claims going to the involuntariness of the confession, which cannot proceed prior to exhaustion of state remedies.

■ In *Fulford*, we decided that where a prisoner who has not exhausted state remedies brings a civil rights action for damages under 42 U.S.C.A. § 1983, and in that action asks for relief or raises issues which go directly to the constitutionality of his conviction or confinement, that action is not properly before the court until state remedies have been exhausted. 28 U.S.C.A. § 2254. We noted, however, that civil rights actions which challenge prison conditions are supplementary to habeas corpus actions and may be brought without exhaustion.

■ The *Fulford* opinion reexamined our case upon which the district court here relied, *Alexander v. Emerson*, 489 F.2d 285 (5th Cir. 1973), in light of two subsequent Supreme Court decisions, *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). It squarely concludes that a federal court cannot consider, prior to exhaustion of state remedies, a civil rights claim involving an issue which goes directly to the constitutionality of a plaintiff's state court conviction and consequent confinement. To apply *Fulford* to the case at hand does not require restatement of the reasoning.

■ Meadows pled guilty to murder and was convicted on his plea. Broadly he asserts that his plea resulted from improper prison conditions, coercion, and bribery of an unnamed witness. To the extent that any of the allegations go to the voluntariness of his plea or the validity of the conviction posited thereon, exhaustion is required. The mere assertion that Meadows seeks damages rather than release is insufficient to distinguish the case from a habeas corpus action so as to remove the comity-inspired prerequisites of exhaustion of state remedies. As in *Fulford*, consideration of the merits of any civil rights claim, even after exhaustion, must be reserved and not decided now.

To the extent that Meadows asserts damage claims for deprivation of civil rights due to prison conditions, however, which claims are unrelated to his plea of guilt, his action may proceed. Read in light of the Supreme Court's directive in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Meadows' *pro se* complaint must be reconsidered by the district court insofar as it asserts claims cognizable without exhaustion, as mandated by *Wolff v. McDonnell, supra*, and *Preiser v. Rodriguez, supra*. *Cf. Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

Although the Texas provision tolling the statute of limitations as to persons imprisoned (Article 5535, Revised Civil Statutes of Texas) may remove the concerns expressed in *Fulford* if the premature claims are dismissed, rather than held in abeyance, the district court should directly consider the problem first in light of the comments in *Fulford*.

Reversed and remanded.

TUTTLE, Circuit Judge (concurring in part and dissenting in part):

I concur in the opinion and disposition of this case by the Court to the extent that it reverses and remands "for consideration of any damage claims made for asserted deprivations during confinement, which can be made without exhaustion." With deference, I dissent from that part of the opinion and dispo-

sition of the case that holds that upon such remand the trial court may not consider the prayer for damages as compensation for allegedly unconstitutional action by state officials which Meadows claims brought about his plea of guilty.

In this case, as stated in my dissent in *Fulford v. Klein*, 529 F.2d 377 (No. 74–2733, decided March 25, 1976), Meadows' conviction occurred in 1973 following the plea of guilty which he alleges, as stated in the majority opinion, "resulted from improper prison conditions, coercion, and bribery of an unnamed witness." No appeal from that conviction is pending. Nevertheless, the Court in its opinion relies upon a principle announced in its *Fulford* opinion to the effect that:

> "We decided that where a prisoner who has not exhausted state remedies brings a civil rights action for damages under 42 U.S.C.A. § 1983, and in that action asks for relief or raises issues which go directly to the constitutionality of his conviction or confinement, that action is not properly before the court until state remedies have been exhausted,"

citing 28 U.S.C. § 2254 (the federal habeas corpus statute which provides that habeas corpus shall not issue until state remedies are exhausted.)

As stated in my dissenting opinion in *Fulford*, I am convinced that the Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) and *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) hold to the contrary. As summed up in *Wolff*, it seems to me too clear for argument that the Federal Court has jurisdiction under § 1983 over a suit which alleges money damages resulting from an illegal conviction based on the coercion resulting from "improper prison conditions, coercion, and bribery of an unnamed witness." The Court here would break the current action by the plaintiff into two parts. It would permit the case to go forward with respect to the improper prison conditions as they affected the plaintiff during his detention, but would excise from the complaint the thing that really caused him damages, to-wit, the coercion brought about by such conditions causing his plea of guilty and conviction of the offense charged. I think this goes far beyond what was intended by the decision of the Supreme Court in the *Preiser* case. In that case, for the first time, the Supreme Court made it definite that in an action which sought solely by means of the equity powers of the Court to obtain either the release of a prisoner or the shortening of his term, the court was required to look through the form of the action to the substance which was in effect a habeas corpus action. Both in *Preiser*, by dictum, and in *Wolff*, by direct holding, the Court made it perfectly evident that to recover damages for illegal conduct of the state officials, even though this conduct was the cause of adding to the length of the term of the sentence, a § 1983 case could go forward without any requirement of exhaustion.

I do not understand what proceeding is now required under the Court's order. Clearly, habeas corpus will not lie. Meadows does not seek release from his sentence nor does he seek a shortening of his term. That is all that habeas corpus is for. Whether or not he is entitled to damages for the alleged improper conduct of the state officials cannot be tried out in a habeas corpus proceeding either under state law or under the federal habeas corpus statute. Here, no appeal is pending, thus removing the question of abstention present in *Fulford*. Due regard to federalism does not stand in the way of the United States Court holding a trial on a case in which the plaintiff seeks to vindicate rights which are conferred upon him only under a federal statute. I repeat, I am at a loss to understand exactly where the Court's disposition of the case leaves him.

I would reverse and remand the case to the district court for further proceedings as in any other suit brought under § 1983.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, WISDOM, GEWIN, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH,

388

GODBOLD, DYER, MORGAN, CLARK, RONEY, GEE and TJOFLAT, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.