**Aaron DELANEY, Plaintiff–Appellant,**

v.

**Clarence GIARRUSSO et al.,**
**Defendants–Appellees.**

No. 80–3158
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 5, 1981.

Rena M. Price, New Orleans, La., for plaintiff–appellant.

Debra J. Fischman, Asst. City Atty., New Orleans, La., for defendants–appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant Aaron Delaney brings this appeal from an adverse judgment in the court below in his suit for damages under 42 U.S.C. § 1983 (1976).

Delaney is serving a 99–year sentence that was imposed after he was convicted of armed robbery in Louisiana state court. Four of the Appellees–Raymond Reed, Albert Green, Charles Miller, and Paul Melancon–are officers of the New Orleans Police Department who arrested Delaney on the armed robbery charge. Clarence Giarrusso, who was the superintendent of the New Orleans Police Department, was dismissed from the suit by way of summary judgment on the ground that there was no genuine issue of fact as to whether he had personally directed or cooperated in the complained–of conduct; Delaney does not appeal the dismissal of Giarrusso from the case.

Delaney was arrested on October 10, 1976, while at the residence of a friend, Charles Porche. The officers had no search or arrest warrant, but strongly suspected that Delaney had committed a recent armed robbery. After surrounding Porche's house, the officers shouted an identification, kicked in the front door, and entered. During a room–to–room search of the house, the officers discovered Delaney hiding under a bed in one of the bedrooms. One of the officers lifted up one side of the bed, at which time a gun fell from the bed onto the floor next to Delaney. Delaney made a reaching motion of some sort for the gun, but was stopped by the officers. In the ensuing scuffle, Delaney's jaw was broken.

Delaney's complaint states two causes of action: the first alleges that his arrest was in violation of his Fourth Amendment rights; the second alleges that the three officers used excessive force in effecting the arrest. The district court referred the entire case to a magistrate, who arranged for appointed counsel to represent Delaney. The magistrate held a hearing at which he took oral testimony from both sides; afterwards, the district court adopted the magistrate's proposed findings of fact and conclusions of law, in which both claims were resolved against Delaney.[1]

---

1. The case was referred to the magistrate under 28 U.S.C. § 636 (1976) as a prisoner petition

challenging the *conditions* of his confinement. We note that neither cause of action stated in

Delaney first contends that the magistrate's proposed conclusions of law were erroneous in holding that the warrantless entry of Porche's house to effectuate the arrest was not in violation of Delaney's Fourth Amendment rights, and that the district court erred in adopting those conclusions. He asks us to extend the Supreme Court's recent decision in *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), to cover this situation. We need not reach this question, however, because the record before the district court was insufficient for it to have determined whether it could properly have reached the merits of this claim.

■ Although Delaney characterizes his suit as a section 1983 claim in which he seeks only damages, we held in *Fulford v. Klein*, 529 F.2d 377, 381 (5th Cir. 1976), *adhered to on rehearing en banc*, 550 F.2d 342 (5th Cir. 1977), that the propriety of actions brought under section 1983 is not to be determined solely on the basis of the relief sought–*i. e.*, it cannot simply be asserted that prisoners' actions for money damages may go forward while actions for injunctive relief may not. Rather, habeas corpus is the exclusive initial cause of action when the basis of the claim goes to the constitutionality of the state–court conviction. Delaney's illegal arrest cause of action clearly goes to the constitutionality of his state–court conviction; it therefore is subject to the requirement of 28 U.S.C. § 2254 (1976) that the prisoner have exhausted his available state–court remedies. *Id.*

■ Delaney has made no showing that he has exhausted his state–court remedies with respect to the illegal arrest cause of action. We therefore vacate that portion of district court's judgment that dismisses with prejudice Delaney's illegal arrest cause of action, and remand to the district court for consideration of whether Delaney's illegal arrest cause of action under section 1983

should be dismissed without prejudice, or, for statute of limitations reasons, be held in abeyance pending a showing that Delaney has exhausted his state–court remedies. *See Meadows v. Evans*, 529 F.2d 385, 386 (5th Cir. 1976), *adhered to on rehearing en banc*, 550 F.2d 345 (5th Cir.), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977).

If, upon remand, Delaney demonstrates that he has exhausted his remedies in the state courts on his illegal arrest claim, he may be precluded from federal *habeas* relief under *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976), if he has been afforded a full and fair opportunity to litigate this claim in the state courts. He may then be able to press his claim for damages under section 1983 in the federal courts after showing that he has exhausted his state–court remedies; but the defendants may be able to invoke collateral estoppel as an affirmative defense if it has been determined in the state courts that there was no violation of Delaney's Fourth Amendment rights. *See Allen v. McCurry*, —— U.S. ——, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), (doctrine of collateral estoppel applicable in section 1983 actions based on Fourth Amendment violations that have been fully and fairly litigated in state–court proceedings); *Martin v. Delcambre*, 578 F.2d 1164, 1165 (5th Cir. 1978). Before the district court can intelligently rule on these issues, however, it must have before it some indication of the degree to which Delaney's illegal arrest claim has been litigated in the state courts. We merely note that these issues should be addressed on remand; we intimate no views as to how they should ultimately be resolved.

■ We turn next to Delaney's second cause of action, which alleges that the officers violated his rights by using excessive force during the arrest. In contrast to his illegal arrest cause of action, this claim does

---

Delaney's complaint challenges the conditions of his confinement, although, as discussed *infra*, the Fourth Amendment cause of action is properly viewed as a challenge to the *fact* of his

confinement. Nonetheless, Delaney does not challenge on appeal the propriety of referring the entire case to the magistrate for trial.

not go to the underlying validity of his state–court conviction;[2] hence, there need be no showing of exhaustion before the merits of this claim can be addressed by the district court. *Meadows, supra,* 529 F.2d at 386; *cf. Hernandez v. City of Los Angeles,* 624 F.2d 935, 937–38 (9th Cir. 1980) (section 1983 claim of excessive force in effecting arrest can continue despite underlying conviction for resisting arrest because excessive force not necessarily inconsistent with resisting arrest).

 On the basis of testimony at the hearing, the magistrate found that the officers had not used excessive force in subduing Delaney during his attempt to reach for the gun. That finding was based in part on undisputed facts and in part on credibility determinations made by the magistrate. The district court examined the transcript of the hearing, considered and ruled against Delaney's objections to the magistrate's proposed findings of fact, and adopted those proposed findings. Because the force used was not excessive, the district court held that Delaney's constitutional rights had not been violated and that he therefore could not prevail on the excessive force cause of action under section 1983.

We, too, have examined the transcript of the hearing. The district court was not clearly erroneous in its finding that the force used by the officers was not excessive. We therefore affirm the district court's judgment insofar as it dismissed with prejudice Delaney's excessive force cause of action.[3]

AFFIRMED IN PART; VACATED IN PART and REMANDED WITH INSTRUCTIONS.

---

2. The argument has been advanced that the use of excessive force in arresting is in violation of the Constitution and thus deserving of deterrence by the exclusionary rule. *See* 2 W. La Fave, Search and Seizure: A Treatise on the Fourth Amendment § 5.1(d) at 240 (1978 & 1980 Supp.).

3. Delaney also contends on appeal that the district court abused its discretion in refusing to allow him to amend his petition to include pendent state–law claims against the City of New Orleans based on the officers' use of excessive force. Delaney contends that such a cause of action is authorized by *Taylor v. City of Baton Rouge,* 233 So.2d 325 (La.App.1970). His complaint does not allege that his injury was the result of a municipal policy or custom, and therefore it cannot support § 1983 liability for the City. *See Monell v. Dep't of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2038, 56 L.Ed.2d 611 (1977); *Walters v. City of Ocean Springs,* 626 F.2d 1317, 1323 (5th Cir. 1980). The district court concluded that, in view of its finding that the officers were not liable under either cause of action, it would be pointless to grant Delaney leave to amend his petition.

Given our disposition of Delaney's other points of appeal, we need not determine whether the district court abused its discretion. Since the only theory through which Delaney sought to hold the City liable was one of *respondeat superior* under state law, our action today moots any question of the City's liability on the excessive force cause of action. With respect to the illegal arrest cause of action, Delaney is free to move the court for leave to amend his petition to allege any claims that he may have against the City after he has demonstrated that he has exhausted his state–court remedies.