**Leleonia Evonne CALDWELL, Plaintiff-Appellant,**

v.

**Herbert LINE, Presiding Judge of Dallas County Annex Court, Defendant-Appellee.**

**No. 81–1511
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 2, 1982.

Lana Johnson, Dallas, Tex., for plaintiff-appellant.

J. Steven Bush, Asst. Dist. Atty., Dallas, Tex., Mark White, Atty. Gen., Theresa Ann Kraatz, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This civil rights action for violation of the Fifth, Thirteenth, and Fourteenth Amendments and seeking damages and declaratory and injunctive relief under 42 U.S.C. § 1983 was filed against the retired state judge who presided over Caldwell's earlier state criminal trial. Finding that Caldwell's suit is in reality an attack on the constitutionality of her state court conviction and that she has failed to exhaust her state remedies, we reverse the District Court's grant of summary judgment for the defendant and remand with directions to dismiss this suit.

On November 1, 1979, Leleonia Caldwell was found guilty after a jury trial in Texas state court of securing the execution of a document, here a warranty deed, by deception. Caldwell was sentenced to five years but the judge modified this with a five-year probated sentence after Caldwell reconveyed to the original owner the real property that she had been convicted of obtaining by deception. Subsequently, Caldwell brought suit in federal court against the state judge who had presided at her criminal trial and sentencing alleging, among other claims, that the judge was without jurisdiction to force Caldwell to reconvey the real property, resulting in a deprivation of property without due process and violations of the Thirteenth and Fourteenth Amendments because Caldwell was black.[1]

The defendant, Judge Line, in his motion to dismiss, contended that his actions were protected by judicial immunity. Caldwell attacked this defense, asserting that Line, a retired judge, was without jurisdiction because he lacked an administrative assignment as required under Texas law and therefore judicial immunity failed to shield his actions. The District Court, on cross-motions for summary judgment and after a hearing, determined that the issue of assignment was irrelevant and that under Texas law a retired judge who has timely filed an election to serve in a judicial capac-

---

1. The original suit also named as a defendant the District Attorney for Dallas County, Henry Wade. Caldwell has not appealed the grant of summary judgment in favor of Wade.

In her complaint, Caldwell alleged that "an illegally constituted jury panel" had found her guilty, that Judge Line had forced her to reconvey the property as a condition of probation, and that Line was "without jurisdiction to force said reconveyance prior to pronouncing sentence and prior to giving Plaintiff the opportunity to give Notice of Appeal." Caldwell also claimed that she was "forced to continue all conditions of probation despite her having given Notice of Appeal." Further, she maintained that Line "exceeded his jurisdiction by forcing Plaintiff to begin a sentence prior to its imposi-

tion and prior to permitting Plaintiff to give Notice of Intent to Appeal." The reason for Line's action, Caldwell asserted, was that "she is black and because the individual from whom she purchased the property was white." In the alternative, Caldwell asserted that the "Defendants have forced Plaintiff to comply with the terms of a criminal sentence by drafting a warranty deed ... and forcing Plaintiff to sign it prior to pronouncing sentence and without permitting Plaintiff to give Notice of Appeal and thereby suspend execution of sentence."

Thus it is clear from the complaint that Caldwell challenged the constitutionality of her conviction, the forced reconveyance of property, and the imposition of sentence.

ity needs no formal order to preside in place of a duly elected judge. Further, the District Court found that in this Circuit a judge acting within his judicial capacity is absolutely immune from liability under the Civil Rights Act and that Judge Line was a judge acting in such capacity. From the grant of summary judgment in favor of Judge Line, Caldwell appeals.

Our first task is to determine if Caldwell's suit, although labeled a § 1983 action, is in reality a habeas corpus action subject to the exhaustion requirements of 28 U.S.C. § 2254(b). While a complainant in a § 1983 action who is not eligible for habeas corpus relief is not generally required to exhaust state remedies, this Court has made clear that when the suit in reality is challenging the validity of the conviction it amounts to a habeas corpus action and the party must have exhausted state remedies. *Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976), *adhered to en banc*, 550 F.2d 342 (1977); *Meadows v. Evans*, 529 F.2d 385 (5th Cir. 1976), *adhered to en banc*, 550 F.2d 345 (1977), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Grundstrom v. Darnell*, 531 F.2d 272, 273 (5th Cir. 1976); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977); *Robinson v. Richardson*, 556 F.2d 332, 334–35 (5th Cir. 1977); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979); *Keenan v. Bennett*, 613 F.2d 127, 128 (5th Cir. 1980); *Delaney v. Giarrusso*, 633 F.2d 1126, 1128 (5th Cir. 1981); *Courtney v. Reeves*, 635 F.2d 326, 330 (5th Cir. 1981); *Richardson v. Fleming*, 651 F.2d 366, 373 (5th Cir. 1981).

■ When a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439, 450 (1973). The Supreme Court found that by allowing a prisoner to challenge his confinement under a § 1983 suit in federal court, Congress' intent that the states be given the first chance to decide such suits would be frustrated. Although a state prisoner may gen-

erally bring a claim for damages under § 1983 without first exhausting state remedies, "where the basis of the claim goes to the constitutionality of the state court conviction", habeas corpus is the exclusive cause of action and the attendant requirement of exhaustion of state remedies controls. *Fulford v. Kline*, 529 F.2d at 381.

[T]he propriety of a prisoner's § 1983 action is not to be determined solely on the basis of the relief sought, i.e., monetary damages as opposed to relief from confinement, but instead the federal court must examine the basis of the complaint and determine whether the claim, if proven, would factually undermine or conflict with validity of the state court conviction which resulted in the prisoner's confinement. If the basis of the § 1983 claim does go to the constitutionality of the state court conviction, the exclusive remedy is habeas corpus relief with the comity inspired prerequisite of exhaustion of state remedies.

*Richardson v. Fleming*, 651 F.2d at 373. *See Stevens v. Heard*, 674 F.2d 320, 323 (5th Cir. 1982); *Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981); *Delaney v. Giarrusso*, 633 F.2d at 1128.

■ Caldwell asserts that this is not a habeas corpus action and therefore not subject to the exhaustion requirements because (1) she is not here challenging her conviction, currently on appeal in the Texas Criminal Court of Appeals, which appeal will not reach the issue here raised, and (2) Caldwell is not currently confined. From Caldwell's initial complaint and the substance of her claim against Judge Line as lacking jurisdiction, it is obvious that she is attacking the validity of her state court conviction. Her claim that Judge Line denied her of property without due process because he was without authority and without jurisdiction brings into question the entire validity of the state court conviction and thus under *Fulford, supra*, exhaustion of state remedies is required. The central issue involves a determination under state law of whether Judge Line was properly presiding, an issue that should first be addressed by the state courts. While Caldwell attempts to squeeze

her claim into the § 1983 mold, clearly it is in essence an attack on the constitutionality of her conviction. That Caldwell is not confined does not remove her eligibility for habeas corpus relief and thus the requirement that she exhaust state remedies. Habeas corpus is available to those who are "in custody", *Conner v. Pickett,* 552 F.2d 585, 587 (5th Cir. 1977), a condition which appears to exist since Caldwell received a probated five-year sentence in 1979. From the record there is no indication that the probation has been terminated and thus Caldwell is eligible for habeas corpus relief. Since Caldwell is eligible for habeas corpus relief and her claim in reality attacks the validity of the state court judgment, she must first exhaust all state remedies, including the pending direct criminal appeal.

Although the District Court reached the merits of Caldwell's claim, we must dismiss this petition since no claims have been exhausted. *See Bufalino v. Reno,* 613 F.2d 568, 571 (5th Cir. 1980).[2] Caldwell must first present her claims to state court and provide that court with an opportunity to pass on the merits of her claim.[3]

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.

---

**2.** Although in *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir. 1978) (en banc), we held that on those rare occasions where a federal district court had erroneously reached the merits of an exhausted claim in a "mixed" habeas petition, we will review the merits of the district court determination respecting exhausted claims, in *Bufalino* we made clear that *Galtieri* should not be extended to apply where a petitioner has not exhausted *any* of his constitutional claims. Caldwell's suit does not present us with the situation of a "mixed" petition and thus we do not review the District Court determination. The position of *Galtieri* has been adopted by the Supreme Court in *Rose v. Lundy,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). We find it unnecessary to determine whether *Rose* affects our position that when a claim included an unexhausted claim, in the interest of judicial economy we should review that claim if it is manifestly frivolous. *See Henson v. Estelle,* 641 F.2d 250, 252 n.1 (5th Cir.), *cert.*

*denied,* 454 U.S. 1056, 102 S.Ct. 603, 70 L.Ed.2d 593 (1981). While it appears that Caldwell's claim, under any set of facts would be denied under this Court's position on judicial immunity, we do not reach that issue, leaving it for further consideration after exhaustion of state remedies in a habeas action.

**3.** Although Caldwell does not argue that the defendant has waived the defense of exhaustion of remedies, a concept we have under certain circumstances accepted in a habeas corpus context but whose present stature is questionable in light of *Rose v. Lundy, supra,* at least within the context of a "mixed" habeas corpus petition, the Defendant raised the issue of exhaustion at the District Court level in his motion to dismiss, within the context of abstention, and also in the hearing on summary judgment in the District Court.