**FRAGUMAR CORP., N.V., A Corporation Organized and Chartered in the Netherlands Antilles, and Francisco Gutierrez M., Individually, Plaintiffs-Appellants,**

v.

**Graydon DUNLAP, et al., Defendants-Appellees.**

No. 81–2277.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1982.

David T. Lopez, Houston, Tex., for plaintiffs-appellants.

Ward A. Busey, Houston, Tex., for Edward D. Guttman.

Butler, Binion, Rice, Cook & Knapp, Tom Alexander, Norman J. Riedmueller, Houston, Tex., for Burnell S. Goodrich & Goodrich & Bazelides.

Before BROWN, RUBIN and REAVLEY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge.

Federal courts are limited both by Constitution and statute to jurisdiction over certain subjects, and do not have general jurisdiction. Federal jurisdiction exists if a complaint states a case arising under federal law, even though, on the merits, the plaintiff has no federal right.

Thus a distinction must be drawn between lack of jurisdiction over a matter and the want of merit to a claim. A court may have jurisdiction over a case even though the case lacks merit.[1] Ill-founded claims should be dismissed for lack of merit by a judgment that serves as a basis for res judicata, and such groundless claims should, depending on the time at which and the manner in which the lack of merit is made to appear, be dismissed for failure to state a claim, by summary judgment or by directed verdict. "Dismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form."[2]

■ Federal jurisdiction in this case was predicated on violation of the Securities Laws of 1933 and 1934, 15 U.S.C. § 77a et seq. and 15 U.S.C. § 78a et seq., respectively. After eight days of trial, the plaintiffs rested. The defendants filed motions to dismiss for want of federal jurisdiction and for a directed verdict. The district judge reasoned that, if he had no jurisdiction, he could not grant a directed verdict. He then ruled that he had no jurisdiction because the plaintiffs had not established that their investment was a security. While it is correct that a court without jurisdiction of a case cannot rule on its merits, it is incorrect to assume that the basis for determining jurisdiction is the record after trial and that

failure to prove the claim results in loss of jurisdiction. Federal jurisdiction is determined not by the ultimate evidence but by the well-pleaded allegations of the complaint.[3] We, therefore, must reverse the dismissal.

■ We fill in the details. Fragumar Corporation, N.V., a corporation chartered in the Netherlands Antilles, and Francisco Gutierrez M., a lawyer residing in Mexico, instituted this suit against the promoters and participants in a joint venture agreement involving a plan to purchase and develop a five-acre tract of land in Houston, Texas, and to build 138 condominiums on the property. Fragumar and Gutierrez argued in district court that the federal securities laws apply because the joint venture agreement, as written, is an investment contract, and thus a security within the meaning of the Securities Acts of 1933 and 1934. They also invoked the district court's pendent jurisdiction over various alleged violations of Texas law, including claims for legal malpractice and fraud.

The defendants contended that the joint venture agreement was not a security, as a matter of law, because the investors retained meaningful control over the venture and exercised their powers of control. Prior to trial, the district judge construed this argument as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1) and requested supporting memoranda on that issue. The judge did not, however, rule on the motion, and the case proceeded to jury trial.

On the eighth day of trial, after the plaintiffs had put on all their evidence, defendants' counsel again made a motion to dismiss the case for lack of subject matter jurisdiction as well as a motion for directed verdict. After further argument, the court

---

1. *Venner v. Great Northern Ry.*, 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666 (1908); C. Wright, Handbook of the Law of Federal Courts, 19, 72 (3d ed. 1976).

2. C. Wright, Handbook of the Law of Federal Courts 72 (3d ed. 1976). *See also Hagans v. Lavine*, 415 U.S. 528, 536–39, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577, 586–587 (1974); *Bell*

*v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062, 1064 (1933); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3564.

3. *Gold-Washing & Water Co. v. Keyes*, 96 U.S. 199, 24 L.Ed. 656 (1878).

determined that the joint venture agreement was not a security, discharged the jury, and dismissed the case for lack of subject matter jurisdiction, without ruling on the motion for directed verdict.

Reliance on *Williamson v. Tucker*, 645 F.2d 404 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1982), is misplaced. Nothing in *Williamson* qualifies the rule that jurisdiction is not to be determined on the basis of the claim's substantive merit. Indeed, that case is an application of this principle to the precise type of question presented here.

> Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) [4] is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... Therefore as a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial. As we stated in *Bell v. Health-Mor, Inc.*, 549 F.2d 342 (5th Cir. 1977), the *Bell v. Hood* standard is met only where the plaintiff's claim "has no plausible foundation" or "is clearly foreclosed by a prior Supreme Court decision."

645 F.2d at 415–16 (footnotes omitted). There, precisely as here, the "question ... is whether certain joint venture interests ... are 'securities' within the meaning of the 1933 Act and the 1934 Act." *Id.* at 416. We noted that this Circuit has already "specifically held that the definition of the term

'security' ... may reach the merits of the case," *id.* (citing *Hilgeman v. National Insurance Co.*, 547 F.2d 298 (5th Cir. 1977); *Bell v. Health-Mor, Inc.*, 549 F.2d 342 (5th Cir. 1977)), and concluded, therefore, that "[i]f this case was properly dismissed for lack of subject matter jurisdiction [which we held it was not], it must [have] fall[en] within the exceptions to *Bell v. Hood*'s general prohibition of jurisdictional dismissals which implicate the merits of the plaintiffs' case." *Id.*

The obiter dicta observation in a footnote in *Williamson*, 645 F.2d at 419 n.12, suggesting that a showing of significant participation in the management of a venture "might ... provide the basis of a motion to dismiss for lack of subject matter jurisdiction," does not intimate that such a motion could be made after trial on the merits. It was intended to suggest only that the evidentiary material submitted in support of such a motion might be so overwhelming that the district court might properly label "frivolous" the invocation of federal jurisdiction. If, however, there is any substance at all to the claim, the court has jurisdiction to decide whether the interest is a "security" as defined in the Acts. Proof of participation in management would defeat the contention that the interest purchased was a "security," but this would be a decision on the merits.

Here, the extensive pretrial discovery and lengthy trial both indicate the complexity of the substantive issues involved and the difficulty of their resolution. The claim was not frivolous or made solely for the purpose of obtaining jurisdiction and was not so clearly immaterial or wholly unsubstantial as to justify the dismissal. *See Bell v. Hood, supra*, 327 U.S. at 682–83, 66 S.Ct. at 776, 90 L.Ed. at 943; *Williamson, supra*, 645 F.2d at 416.

Accordingly, the district court's order of dismissal of this case for lack of subject

---

4. This requirement derives from the Supreme Court's statement in *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943 (1946), that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

matter jurisdiction is REVERSED and the case is REMANDED for further proceedings.

JOHN R. BROWN, Circuit Judge, concurring:

I concur but with great reservations that *Bell v. Hood* and our cases, including *Williamson*, should drive us to this wasteful result. Here, after extensive discovery and eight full days of a jury trial, the judge could see that the plaintiffs' case simply had to fail because the contracts involved were not a security under the 1933 and 1934 Securities Act. Since this was the sole basis for jurisdiction of the District Court, the judge did the natural, but it turns out the mistaken, act of dismissing for want of subject matter jurisdiction.

Bound as I am by *Bell v. Hood* and the extensions and gloss given to it by us, it seems absurd to me that after all the proofs are in we are to measure jurisdiction by what the pleaders said at the beginning, not by the facts proved.[1] The purpose behind *Bell v. Hood*, as I see it, is to keep the plaintiff from being poured out of court at the outset on the guise that the claim, as asserted, is beyond the jurisdiction of the Court. It should not control once the plaintiff's proofs are in.

Fortunately, no real harm has been done and no advantage gained or lost save for the useless trip to this Court, the effort, work and cost imposed on all counsel and the Court. Since the Court necessarily holds that the case is within the jurisdiction of the District Court and is therefore still pending there, the defendants' motion for directed verdict (not acted or ruled on) is ripe for determination on the basis of the record made before the jury. The District Court must rule on this. And, assuming that the District Court will adhere to its previous analysis of the evidence and the insufficiency thereof, the motion will be granted. Assuming also that the unsuccessful plaintiffs would again appeal, we are back to where we now are and will have to then look at the sufficiency of the evidence to sustain the claim. Against the strong admonitions of 28 U.S.C. § 2106 [2] and F.R. Civ.P. Rule 61 [3] I would doubt that we are compelled to dance the two-step.

Additionally, if any problems arise in pursuing the course of pressing the motion for directed verdict the defendants can file a motion for summary judgment attaching a full copy of the record evidence made before the jury to demonstrate as a matter of law that there is no genuine controversy over facts having legal significance under the securities laws asserted. The trial court, as would be we on appeal, will be faced with the identical real legal question now before us.

---

1. *See* F.R.Civ.P. Rule 54(c):

   A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

2. The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree or order, or require such further proceedings to be had as may be just under the circumstances.

3. The rule in relevant part says:

   The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.