Wilbert Carl **WILLIAMS,**
Petitioner-Appellant,

v.

**DALLAS COUNTY COMMISSIONERS,**
Respondent-Appellees.

No. 82–1139
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1982.

Wilbert Carl Williams, pro se.

J. Steven Bush, Asst. Dist. Atty., Dallas, Tex., for respondent-appellees.

Before Chief Judge CLARK, and POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Wilbert Carl Williams, a Texas state prisoner serving an enhanced life sentence for burglary of a vehicle, brought suit under 42 U.S.C. § 1983, complaining that he was indicted and convicted by unconstitutionally selected grand and petit juries. Relief in the form of monetary damages was sought. Before the defendants were served, the magistrate to whom the matter was referred recommended dismissal on the grounds that the complaint was not cognizable under § 1983 and, when construed as an application for habeas relief, was premature because of non-exhaustion of state remedies. The district court adopted the magistrate's findings and recommendations and dismissed the action. Williams timely noticed an appeal and we granted him leave to proceed *in forma pauperis*. We now affirm in part, vacate in part and remand.

Williams was indicted and arrested in February 1980, released on bond in March 1980, and tried and convicted by jury in

September 1980. Williams' *pro se* complaint, liberally construed, alleges that he was indicted by a grand jury and convicted by a petit jury, both of which were constituted in a racially discriminatory fashion violative of the fourteenth amendment. The magistrate propounded interrogatories to Williams and determined facts upon which he concluded that Williams was primarily complaining about the impaneling of the petit jury; specifically, the state trial judge's rulings rejecting defense counsel's challenges to the jury venire and panel. Concluding that the defendants were not involved in the petit jury dispute and the complaint failed to state a colorable claim for relief, the magistrate recommended dismissal of the § 1983 action.

The magistrate alternatively construed the complaint as a petition for habeas corpus under 28 U.S.C. § 2254. Based on Williams' response that a direct appeal of his conviction was still pending, the magistrate recommended dismissal for failure to exhaust state remedies. Over Williams' objection, the district court adopted the magistrate's findings and recommendation and entered an order dismissing the § 1983 complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure and dismissing the application for habeas relief without prejudice.

### Section 1983

■ Our consideration whether Williams presents a claim cognizable under § 1983 must be prefaced with the reminder that a state prisoner's complaint attacking the constitutionality of his incarceration or its duration is not maintainable under § 1983. Habeas corpus provides the exclusive remedy in those situations, despite the fact that the complaint might otherwise state a viable § 1983 claim. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Caldwell v. Line,* 679 F.2d 494 (5th Cir. 1982); *Stevens v. Heard,* 674 F.2d 320 (5th Cir. 1982). In determining whether a civil rights complaint may be characterized as a petition for a writ of habeas corpus, the court is not bound by the nature of the relief sought:

[T]he propriety of a prisoner's § 1983 action is not to be determined solely on the basis of the relief sought, i.e., monetary damages as opposed to relief from confinement, but instead the federal court must examine the basis of the complaint and determine whether the claim, if proven, would factually undermine or conflict with validity of the state court conviction which resulted in the prisoner's confinement. If the basis of the § 1983 claim does go to the constitutionality of the state court conviction, the exclusive remedy is habeas corpus relief with the comity inspired prerequisites of exhaustion of state remedies.

*Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir. 1981).

■ Williams' assertion of discriminatory racial imbalances in the composition of the grand and petit juries clearly implicates the constitutionality of his state court conviction. This complaint may be urged only by way of habeas corpus. *Robinson v. Richardson,* 556 F.2d 332 (5th Cir. 1977). Since Williams' appeal is still pending in the Texas courts, the district court correctly concluded that his civil rights action was premature.

Notwithstanding the determination that Williams' remedy lies solely in a habeas action, the district court addressed the merits of the § 1983 claim. Given our obligation to accord full effect to Congress' intent that the state courts be afforded the initial opportunity to entertain claims bearing on the validity of state court convictions, 28 U.S.C. § 2254(b), we conclude that the district court improvidently assessed the legal sufficiency of the complaint under § 1983. As we observed in *Meadows v. Evans,* 529 F.2d 385, 386 (5th Cir. 1976), *adhered to en banc,* 550 F.2d 345 (5th Cir.), *cert. denied,* 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977), "... a federal court cannot consider, prior to exhaustion of state remedies, a civil rights claim involving an issue which goes directly to the constitutionality of a plaintiff's state court conviction and consequent confinement."

As a general proposition, dismissal of a complaint for failure to state a claim operates as an adjudication on the merits absent the court's specification to the contrary, and is therefore with prejudice. Fed. R.Civ.P. 41(b); *Keenan v. Roberts,* 613 F.2d 127 (5th Cir. 1980). However, dismissal of a § 1983 complaint under Fed.R.Civ.P. 12(b)(6) may have the effect of depriving federal courts of jurisdiction under 28 U.S.C. § 1343(3) and thus should not be deemed automatically a dismissal on the merits.[1] Dismissal of a complaint for want of subject matter jurisdiction is likewise without prejudice under Fed.R.Civ.P. 41(b). Accordingly, dismissal of Williams' § 1983 claims for failure to state a cause of action and for lack of a justiciable case or controversy is without prejudice and would not as a practical matter bar Williams from reasserting such claims after exhaustion of state and federal remedies. Consideration of the policy underlying the rule of exhaustion nonetheless leads us to conclude that the district court's dismissal of the § 1983 cause of action was premature. *Caldwell v. Line.*[2]

We conclude that summary action is appropriate in this case, *Courtney v. Reeves,* 635 F.2d 326 (5th Cir. 1981); *Johnson v. Hardy,* 601 F.2d 172 (5th Cir. 1979), and concur in the district court's conclusion that Williams urges a claim within the exclusive purview of 28 U.S.C. § 2254. However, we do not concur in the plenary dismissal of the § 1983 claims and vacate that portion of the order. We remand for the limited purpose of enabling the court to consider whether, in light of the applicable statute of limitations, dismissal or stay of proceedings presents the preferable course of action. *See, e.g., Richardson v. Fleming; Delaney v. Giarrusso,* 633 F.2d 1126 (5th Cir. 1981).

While there has been no definitive pronouncement in this circuit as to the general applicability of the two-year limitation prescribed by Article 5526, Tex.Rev.Stat. Ann. (Vernon's Supp. 1980) to § 1983 actions initiated in the Texas federal courts, compare *Moore v. El Paso County, Texas,* 660 F.2d 586, 589 (5th Cir. 1981) and *Courtney v. Reeves,* 635 F.2d at 328 n.2, with *Richardson v. Fleming,* 651 F.2d at 373 n.15, it nevertheless appears well established that Article 5535, Tex.Rev.Civ.Stat.Ann. (Vernon's Supp. 1980), by its terms functions to toll the running of the statutory limitation period in prisoner § 1983 suits. *Miller v. Smith,* 625 F.2d 43 (5th Cir. 1980) (on rehearing from 615 F.2d 1037 (5th Cir. 1980)). *See generally, Grundstrom v. Darnell,* 531 F.2d 272 (5th Cir. 1976). The panel in *Richardson v. Fleming,* relied upon *Miller v. Smith,* 431 F.Supp. 821 (N.D.Tex.1977),

---

1. *Compare Carter v. Telectron, Inc.,* 554 F.2d 1369 (5th Cir. 1977), *cert. denied,* 439 U.S. 1074, 99 S.Ct. 847, 59 L.Ed.2d 41 (1979), with *Williamson v. Tucker,* 645 F.2d 404 (5th Cir. 1981), and *Fragumar Corp. v. Dunlap,* 685 F.2d 127 (5th Cir. 1982).

2. In light of our disposition of Williams' appeal, we need not decide whether the district court erred in dismissing the civil rights complaint for failure to state a claim without a predicate motion in accordance with Fed.R.Civ.P. 12(b)(6). Similarly, we need not evaluate the reasons assigned for the dismissal of the § 1983 claims for want of an actual case or controversy, Fed.R.Civ.P. 12(b)(1), or for failure to state a colorable claim under § 1983, Fed.R.Civ.P. 12(b)(6).

It should nonetheless be noted that the magistrate, relying exclusively upon the statement of fact appended to Williams' answers to the judicially propounded interrogatories as presenting an accurate summary of the prisoner's cause of action, disregarded Williams' allegation that the defendant commissioners were responsible for constitutional deficiencies in the impaneling of the grand jury which indicted him. This factual statement was not filed as an amendment to the original complaint, nor was it expressly treated as such. We do not construe the statement in question as constituting a waiver or withdrawal of any claims raised by Williams in the complaint. As a result, the analysis leading to the conclusion that Williams could not, under any circumstances, press a claim against the defendants for discriminatory selection of the petit jury does not resolve his contention that blacks were wrongfully excluded from the grand jury. In any case, even if it plainly appeared that Williams' § 1983 claims would be foreclosed as a matter of law, a federal court may not address the issue until the state courts have been afforded an opportunity to consider the merits of Williams' challenge to his state conviction.

*vacated and remanded,* 615 F.2d 1037 (5th Cir. 1980), and earlier federal district court opinions, for the proposition that the question of the applicability of Article 5535 to prisoner civil rights actions was unsettled.

As recently as 1979, we took note of the existence of a division among federal judges sitting in the Southern District of Texas with respect to the right of Texas prisoners to invoke the tolling provisions of Article 5535 in § 1983 cases. *Johnson v. Hardy.* One year later, in our original opinion in *Miller v. Smith,* we determined that Article 5535 tolled the statute of limitations in prisoner civil rights cases, but only if the plaintiff could demonstrate an inability to secure access to a federal forum attributable to his incarceration. We expressed the view that once the prisoner gained such access he could no longer claim Article 5535's protection. After the United States Supreme Court mandated that state tolling rules be applied in civil rights damage suits according to their express terms, *see Board of Regents of the University of the State of New York v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), we modified our *Miller* opinion on rehearing to reflect this intervening change in the law, holding that the § 1983 prisoner plaintiff was entitled to the full benefit of Article 5535 free of the judicial restrictions previously imposed. 625 F.2d 43.

It is thus settled that Article 5535 is applicable in prisoner civil rights cases brought in a Texas forum. The decision as to whether this provision tolls the appropriate statute of limitations under all of the relevant facts and circumstances of the instant case is a matter which must be committed in the first instance to the district court. This includes the determination of the date of accrual of Williams' § 1983 cause of action. *Moore v. El Paso County, Texas,* 660 F.2d at 590 n.4. We express no opinion; we defer to the trial court.

AFFIRMED in part, VACATED in part, and REMANDED for proceedings consistent herewith.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452——October 14, 1980.