William R. Aaron, Baton Rouge, La., for defendant-appellee.

Sarah **BATTIESTE**, Plaintiff-Appellant,

v.

**CITY OF BATON ROUGE,**
**Defendant-Appellee.**

No. 83–3483.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 21, 1984.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, Sarah Battieste, appeals from the district court's dismissal for lack of jurisdiction of her section 1983 complaint against defendant-appellee, the City of Baton Rouge ("City"). We reverse and remand.

Battieste was arrested on May 20, 1978, in East Baton Rouge Parish, Louisiana, and charged with improper lane usage, simple battery upon a police officer, and resisting arrest. She pleaded not guilty to all charges. She was found guilty in separate bench trials on the simple battery charge and the resisting arrest charge, and was fined $117 and $200 respectively. The charge of improper lane usage, which formed the basis of Battieste's arrest, was never brought to trial. Battieste appealed

to the 19th Judicial District of East Baton Rouge, which affirmed her convictions on July 10, 1980. She then applied for writs of certiorari, mandamus, review, and prohibition in the Supreme Court of Louisiana, which denied her writ applications on November 21, 1980.

Battieste filed a section 1983 complaint in federal district court on March 10, 1981, naming the City as defendant. She alleged a deprivation "of her Federal constitutional right to due process of law" by virtue of her "illegal and unlawful arrest" and by her "illegal and unlawful convictions." She sought a declaratory judgment that her constitutional rights were violated by "the defendants' acts, policies and practices," and a permanent injunction ordering the removal from police, city, state prosecutor, and Louisiana district court files of "any and all reference to the events described herein."

The case was referred to a magistrate, whose report recommended that the motion to dismiss filed by the City be granted, since Battieste's claims as to her illegal arrest and convictions had prescribed in that her suit was filed more than one year after the occurrence of the alleged constitutional violations. The district court disapproved this report and recommendation and referred the matter back to the magistrate. The district court determined that, since Battieste's convictions were not final until the denial of her writ applications by the Louisiana Supreme Court, her section 1983 claim, filed within one year of that denial, was timely.

The district court judge also instructed the magistrate to consider whether Battieste was required to challenge the constitutionality of her state court convictions by way of habeas corpus and whether she had standing to bring such a claim. The magistrate issued a new report recommending that the court dismiss Battieste's challenge of her state court convictions for want of jurisdiction. The magistrate interpreted this circuit's jurisprudence as prohibiting a challenge to a state court conviction in a civil rights suit. The magistrate held that

such challenges could be raised only in a habeas corpus proceeding and that Battieste could not bring a habeas action because she did not meet the "in custody" requirement of 28 U.S.C. § 2254 (1982). Thus, the magistrate held that Battieste was afforded no federal remedy and recommended that her complaint be dismissed. The district court adopted the magistrate's report.

█ We do not agree with the district court that, as an absolute rule, a person who does not meet the custody requirement, and therefore cannot bring a habeas action, cannot challenge the constitutionality of their state court conviction in a section 1983 action. This circuit has, in previous cases, required prior exhaustion of habeas corpus remedies in section 1983 actions challenging the constitutionality of state court convictions. *Jackson v. Torres,* 720 F.2d 877 (5th Cir.1983); *Clark v. Williams,* 693 F.2d 381 (5th Cir.1982); *Williams v. Dallas County Commissioners,* 689 F.2d 1212 (5th Cir.1982); *Richardson v. Fleming,* 651 F.2d 366 (5th Cir.1981); *Conner v. Pickett,* 552 F.2d 585 (5th Cir. 1977). While many of these cases contain language to the effect that habeas corpus is the exclusive remedy in actions which challenge the constitutionality of a state court conviction, *see, e.g., Williams v. Dallas County Commissioners, supra,* at 1214, it is clear that the import of this language is that habeas corpus relief is the exclusive *initial* cause of action where the basis of the section 1983 claim goes to the constitutionality of state court convictions. *See Richardson v. Fleming, supra,* at 373. For example, *Williams v. Dallas County Commissioners, supra,* cited by the district court in support of its ruling, states that "[h]abeas corpus provides the exclusive remedy in such situations ...." However, we did not dismiss the section 1983 complaint, for elsewhere in the opinion we noted that "a federal court cannot consider, *prior to exhaustion of state remedies,* a civil rights claim involving an issue which goes directly to the constitutionality of a plaintiff's state court conviction ...." Ac-

cordingly, we did not dismiss the section 1983 complaint, but instead remanded to the district court to consider whether, in light of the applicable statute of limitations, dismissal or stay of proceedings pending exhaustion of habeas relief would be preferrable. This type of order has been recognized as the proper course of action in a section 1983 suit in which required habeas relief has not been exhausted and is followed for the express purpose of preserving the plaintiff's section 1983 claim. *See Jackson v. Torres, supra; Richardson v. Fleming, supra; Delaney v. Giarrusso,* 633 F.2d 1126 (5th Cir.1981). Thus, rather than being the exclusive remedy for all time, habeas relief is merely the exclusive initial remedy when the constitutionality of a state court conviction is challenged.

 Battieste has clearly challenged the constitutionality of her state court convictions. Accordingly, exhaustion of habeas relief would normally be required. However, because Battieste was merely fined and not incarcerated, she may not apply for habeas relief as she does not meet the "in custody" requirement. In such situations, we have clearly stated that:

> [A]lthough habeas corpus relief is the exclusive initial cause of action where the basis of the § 1983 claim goes to the constitutionality of the state court conviction, where the plaintiff is no longer in custody, habeas corpus is unavailable and, therefore, the ... doctrine of exhaustion presents no barrier to a § 1983 suit.

*Richardson v. Fleming, supra,* at 373. *See also Delaney v. Giarrusso, supra,* at 1126; *Conner v. Pickett, supra.* Accordingly, we find that a person who does not meet the "in custody" requirement for habeas relief is not precluded from challenging the constitutionality of his or her state court conviction in a section 1983 action, although the defendants may be able to invoke collateral estoppel or res judicata as an affirmative defense to the extent that these concepts may apply. *See Haring v. Prosise,* —— U.S. ——, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Watts v. Graves,* 720 F.2d 1416 (5th Cir.1983) (explaining use of res judicata in section 1983 actions challenging Louisiana convictions); *Richardson v. Fleming, supra.*[1]

The judgment of the district court is REVERSED and REMANDED.

1. We recognize that at least one decision of this court seems to support the district court's judgment. *Cavett v. Ellis,* 578 F.2d 567 (5th Cir. 1978). However, *Cavett* has never been subsequently cited by this court in support of the district court's position and is in direct contravention to the other cases of this circuit we have cited in this opinion.