IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60251
Summary Calendar
_____

CAROLYN T. ALLEN,

                                        Plaintiff-Appellee,

versus

CITY OF CLARKSDALE; ET AL.,

                                        Defendants,

RUSSELL SHAW, JR., in his Individual and
Official Capacity as a Police Officer for the
City of Clarksdale,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:00-CV-232
--------------------
November 20, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Russell Shaw, Jr., appeals the district court's order

denying his motion for summary judgment in which he sought the

dismissal of Carolyn Allen's 42 U.S.C. § 1983 suit based on

qualified immunity and immunity under Mississippi law.  Shaw

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argues that (1) Allen's illegal confinement and imprisonment claims are not cognizable under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), (2) he is entitled to qualified immunity on Allen's denial of prompt medical attention and excessive force claims, and (3) he is entitled to state law immunity on Allen's state law tort claims.

Allen's illegal confinement and imprisonment claims call into question her underlying criminal convictions. Thus, in order for those claims to be cognizable under § 1983, Allen was required to prove that her conviction had been reversed, expunged, or otherwise declared invalid. See Heck, 512 U.S. 486-87. The record reveals that Allen's convictions have not been invalidated. Therefore, her illegal confinement and imprisonment claims are barred by Heck. Accordingly, summary judgment is reversed as to these issues.

The district court did not err in denying Shaw's motion for summary judgment based on qualified immunity as to Allen's claim based on the denial of prompt medical care. If Allen's factual allegations are accepted as true, as required by Behrens v. Pelletier, 516 U.S. 299, 313 (1996), a question remains concerning whether Shaw acted with "deliberate indifference to a substantial risk of serious medical harm." See Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir. 2000). Because it is not apparent that Shaw is entitled to qualified immunity as a matter

of law, the district court's denial of summary judgment as to this issue is affirmed.  See Behrens, 516 U.S. at 313.

Allen's excessive force claim is not barred by Heck.  See Delaney v. Giarrusso, 633 F.2d 1126, 1129 (5th Cir. 1981).  If Allen's factual allegations are accepted as true, as required by Behrens, a question remains concerning whether the force used by Shaw was objectively unreasonable.  See Williams v. Bramer, 180 F.3d 699, 703, clarified on reh'g, 186 F.3d 633, 634 (5th Cir. 1999).  Because it is not apparent that Shaw is entitled to qualified immunity as a matter of law, the district court's denial of summary judgment as to this issue is affirmed. See Behrens, 516 U.S. at 313.

Finally, Allen has alleged that Shaw is not entitled to state law immunity because his actions were malicious, thereby taking him outside the course and scope of his employment and depriving him of immunity.  See Bridges v. Pearl River Valley Water Supply Dist., 793 So.2d 584, 590 (Miss. 2001).  Allen's factual allegations concerning malice, when viewed in the light most favorable to her, demonstrate the existence of a genuine issue of material fact.  See FED. R. CIV. P. 56(e).  Accordingly the district court did not err in denying Shaw's motion for summary judgment as to this issue.  See id.

Shaw's alternative argument based on the statute of limitations will not be considered by this court because he raises it for the first time on appeal.  See Lifemark Hospitals,

<u>Inc. v. Liljeberg Enterprises, Inc.</u>, No. 00-30645, 314 F.3d 410, 2002 WL 1978855 (5th Cir. Aug. 28, 2002), n.29. (arguments not raised in the district court cannot be asserted for the first time on appeal).

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.