Gerald R. BORNING,
Petitioner-Appellant,

v.

Burl CAIN, Warden, Dixon Correctional Institute and William J. Guste, Jr., Attorney General, State of Louisiana, Respondents-Appellees.

No. 84–3818.

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1985.

Rehearing Denied March 12, 1985.

**1152**

Gerald R. Borning, pro se.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for respondents-appellees.

Before RUBIN, RANDALL and TATE, Circuit Judges.

BY THE COURT:

IT IS ORDERED that petitioner's motions for leave to proceed *in forma pauperis* on appeal and for a certificate of probable cause are GRANTED. IT IS FURTHER ORDERED that the district court's judgment is VACATED and this cause is REMANDED with directions.

Construing the petitioner's application for a writ of habeas corpus liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), the petitioner asserts that he was denied his right to an effective direct appeal because the State of Louisiana did not allow him meaningful and adequate access to the law library. The petitioner contends that this action deprived him of the tools necessary to file a complete pro se appellate brief. As a result of his inability to file a complete pro se appellate brief, the petitioner asserts that Louisiana appellate court considered his 121 assignments of the trial error as abandoned. As he failed to have his assignments of error considered on the merits in his direct appeal, the petitioner is attacking the constitutionality of his conviction or the fact or length of confinement and, thus, has raised a proper habeas issue. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973).

In its recent holding that a state criminal defendant has a constitutional right to effective assistance of counsel on appeal, the United States Supreme Court has recognized that a criminal defendant pursuing a first appeal as of a right is entitled to those safeguards necessary to make that appeal adequate and effective. *Evitts v. Lucey*, — U.S. —, —, 105 S.Ct. 830, 834, 83 L.Ed.2d 821 (1985). Construing the petitioner's application for a writ of habeas corpus liberally, the petitioner seeks to define that right when the appeal is pursued pro se. The Louisiana rules of appellate procedure require the filing of an appellate brief with all assignments of error specifically set out. Louisiana Uniform Rules of Courts of Appeal 2–12.4 (1984). Furthermore, a pro se prisoner has no constitutional right to argue his own appeal before a state appellate court. *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). Accordingly, the petitioner asserts that he must have meaningful and adequate access to a law library in order to write a complete appellate brief and receive an adequate and effective direct appeal in the state court. Construing the petition in this light, the district court erred in dismissing the petition without considering the petitioner's claim that he was denied his right to an adequate and effective direct state court appeal. This cause is remanded for that consideration. The district court must, of course, determine whether the petitioner has exhausted his state court remedies on the alleged denial of the right to an effective direct appeal. 28 U.S.C. § 2254(b).

The petitioner's claim of inadequate access to a law library does fall within the realm of those actions which may be brought pursuant to 42 U.S.C. § 1983. However, because this claim draws into question the validity of his conviction and is the basis for the petitioner's assertion that he was denied his right to an effective appeal, the district court's judgment on this claim must be vacated. The claim should not be addressed until the petitioner has exhausted his state court remedies. Accordingly, on remand, the district court should determine whether the § 1983 claim should be dismissed or whether it should be

stayed, considering Louisiana's statute of limitation, pending the outcome of any further habeas action in the Louisiana state courts or in the federal courts. *Richardson v. Fleming,* 651 F.2d 366, 375 (5th Cir.1981); *Delaney v. Giarruso,* 633 F.2d 1126, 1128 (5th Cir.1981); *Fulford v. Klein,* 529 F.2d 377, 382 (5th Cir.1976); *Meadows v. Evans,* 529 F.2d 385, 386 (5th Cir.1976); *adhered to en banc,* 550 F.2d 345 (5th Cir.), *cert. denied,* 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977).

Ultimately, the district court must address three separate issues. First, the district court must determine whether Borning had a right to represent himself on direct appeal. If so, then the court must consider whether he was precluded from effectively exercising that right by the alleged denial of meaningful access to a law library. If the district court finds that Borning did not have adequate and meaningful access to a law library, then it must examine the totality of the circumstances, including the alleged availability of Public Defender resources, to ultimately determine whether the petitioner was denied an adequate and effective direct appeal in violation of the Fourteenth Amendment.