United States Court of Appeals,

Fifth Circuit.

No. 92-2162.

Juan A. GOMEZ, Petitioner-Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

June 14, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY and DAVIS, Circuit Judges, BRAMLETTE[1], District Judge.

BRAMLETTE, District Judge:

A lawfully empaneled grand jury indicted Juan Gomez for the delivery of a controlled substance (cocaine), enhanced by two prior convictions, one for auto theft and one for possession of cocaine. He is currently serving an 80-year sentence in a Texas state prison after a jury found him guilty. In a separate sentencing proceeding following trial, the same Texas state jury enhanced Gomez's punishment based upon the two prior felony convictions. The District Court adopted the Magistrate Judge's findings and recommendations denying the federal habeas relief sought by Gomez. Gomez appealed the District Court's decision. We affirm.

I.

Inasmuch as Gomez apparently can neither speak nor understand the English language, an interpreter assisted at trial. On August 23, 1990, following the verdict and the sentence, Gomez properly filed with the Texas intermediate court, the Houston Fourteenth Circuit Court of Appeals, a written notice of appeal, together with a pauper's oath requesting appointed counsel. In response, the Court appointed Henry Oncken, a former U.S. attorney and former state court judge. On November 13, 1990, before the appellate brief was due in the Texas intermediate court, Gomez filed with the Texas Court of Appeals for the First Circuit, his *pro se* motion to waive his right to counsel.

[1]District Judge of the Southern District of Mississippi, sitting by designation.

The Texas Court of Appeals for the First Circuit forwarded Gomez's waiver to the Texas Fourteenth Circuit Court of Appeals in Houston, where his case was pending. Insofar as we can determine, there was no ruling on the motion.

On November 29, 1990, Mr. Oncken timely filed with the Texas Fourteenth Circuit Court of Appeals in Houston an appellate brief on behalf of Gomez. At the time of filing, there is no indication that Mr. Oncken was aware of Gomez's *pro se* motion. The state filed its reply brief in the case, and Gomez responded by filing his *pro se* motion to abate the appeal and to remand the case to the trial court for a hearing on his motion to waive counsel on appeal. In the alternative, Gomez sought permission from the Texas appellate court to represent himself. He requested that the appellate record be sent to him, and he sought 30 days within which to submit his *pro se* brief. The Court denied Gomez's motion. On February 12, 1991, Mr. Oncken filed a motion for reconsideration of the court's denial of Gomez's *pro se* motion to abate the appeal. The court denied this motion without stated reasons, and on March 7, it affirmed Gomez's conviction and sentence in an unpublished opinion.

On March 22, 1991, Gomez filed with the Texas Court of Criminal Appeals a petition for discretionary review, and with the Texas Supreme Court, a petition for writ of mandamus. In these documents, for the first time, Gomez set forth his reasons for proceeding *pro se* in his appeal. In the mandamus petition, Gomez states that Mr. Oncken, by filing the request to reconsider Gomez's *pro se* motion to abate the appeal, admitted, "that his representation has been anything but adequate." In the petition for discretionary review, Gomez complained that Mr. Oncken raised only two issues in the appellate brief filed by Mr. Oncken on behalf of Gomez. Gomez failed to suggest what other, if any, issues should have been raised. The Texas Supreme Court forwarded the petition for discretionary review to the Texas Court of Criminal Appeals where both petitions were subsequently denied.

On September 24, 1991, Gomez filed in the United States District Court for the Southern District of Texas a petition for habeas corpus relief. United States Magistrate Judge George Kelt issued findings and recommendations that the relief sought by Gomez be denied. Subsequent to the

Magistrate's findings, United States District Judge David Hittner issued orders adopting the Magistrate's findings and recommendations, holding that Gomez failed to raise a constitutional claim cognizable in federal habeas corpus proceedings and that even if a constitutional right to self-representation on appeal does exist, Gomez did not properly invoke it. This appeal timely followed.

## II.

There is no clearly defined standard regarding a state criminal appellant's constitutional right to waive court-appointed counsel and to proceed, *pro se,* at the appellate level. The court was presented with a similar issue on at least one prior occasion.[2] The case was resolved without addressing the constitutional issue above mentioned. Similarly, this court resolves the issues before it on other grounds.

Assuming, indeed, that a state criminal appellant enjoys a United States constitutional right to self-representation on appeal, this Court is of the opinion that Gomez failed to properly waive his right to court-appointed appellate counsel. There are no recognized standards by which to measure an appellant's effective waiver of his constitutional right to appellate counsel and by which to invoke his assumed constitutional right to self-representation. The Court looks to the United States Supreme Court decision in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), for guidance. In *Faretta,* the Supreme Court delineated the standards which govern the right to self-representation at trial, and, thus, provided this Court with guidelines in determining the standards which should logically apply to self-representation upon appeal.

The right to self-representation at trial can be invoked only by a defendant who expressly, knowingly, and intelligently waives the right to counsel. *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541. Although Gomez's *pro se* motion for waiver of counsel uses unequivocal language, the motion was

---

[2]In *Borning v. Cain,* 754 F.2d 1151 (5th Cir.1985), the panel held that the district court erred in dismissing a prisoner's habeas corpus petition without considering the claim that he was denied his right to an adequate and effective appeal because he had inadequate access to the prison's law library. The panel instructed the district court how to proceed in its analysis of the habeas corpus claim, stating that "[f]irst, the district court must determine whether [the defendant] had a right to represent himself on direct appeal." *Id.* at 1153.

admittedly prepared by a fellow inmate. It is, therefore, doubtful that Gomez "knowingly and intelligently" waived his right to counsel.

According to the district court, whose factual findings we are bound to accept unless we find them to be "clearly erroneous,"[3] Gomez neither reads, writes nor speaks the English language. The district court concluded that the inmate writer who prepared the pleadings for Mr. Gomez, in all probability, did not sufficiently advise Gomez of the dangers of proceeding *pro se* and, thus, the Court concluded that Gomez's waiver was not "express, knowing, and intelligent." The brief filed by the government argues that Gomez, in fact, is not seeking self-representation as he neither writes, speaks or understands the English language, but, instead, Mr. Gomez is apparently seeking lay representation from a fellow inmate. Such lay representation on a direct appeal is clearly impermissible. *United States v. Bertolini,* 576 F.2d 1133, 1133 (5th Cir.1978); Tex.Gov't.Code § 81.102 (1993).

### III.

For the reasons discussed above, we affirm the decision of the district court.

AFFIRMED.

---

[3] *Johnson v. Puckett,* 929 F.2d 1067, 1072 (5th Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 274, 116 L.Ed.2d 226.