UNITED STATES of America, Plaintiff,

v.

**Alvin Lavon MOORE, Defendant.**

**No. CR: 493–63–2.**

United States District Court,
S.D. Georgia,
Savannah Division.

Sept. 14, 1995.

Alvin Lavon Moore, Jesup, GA, pro se.

William H. McAbee, II, Savannah, GA, for the U.S.

### ORDER

EDENFIELD, Chief Judge.

■ Pursuant to *U.S. v. Moore*, No. 94–8014 (11th Cir. April 10, 1995), this Court conducted a September 14, 1995 hearing and inquired of defendant Alvin Lavon Moore whether he was knowingly, voluntarily and intelligently waiving his right to appellate counsel. The Eleventh Circuit's unpublished opinion provided no guidance. *See also Gomez v. Collins*, 993 F.2d 96, 98 (5th Cir.1993) ("There are no recognized standards by which to measure an appellant's effective waiver of his constitutional right to appellate counsel and by which to invoke his assumed constitutional right to self-representation"); *Romero v. Tansy*, 46 F.3d 1024, 1031 (10th Cir.1995). The Government cited to *U.S. v. Cash*, 47 F.3d 1083, 1088 (11th Cir.1995) (waiver of trial counsel), to assist the Court's inquiry.

Mr. Moore, aged 31, testified that he has had "twelve years of schooling" and has taken some computer training. *Cf., Williams v. Bartlett*, 44 F.3d 95, 99 (2nd Cir.1994) (defendant's lack of legal training, college education and skills or on-the-job training did not furnish basis for refusing knowing, voluntary and unequivocal waiver of right to trial counsel). He has independently studied the "Orthodox Islam" religion, claims to have acquired some legal skills, and was able to unequivocally communicate to this Court his desire to proceed *pro se* on appeal.

In that regard, Mr. Moore demonstrated his facility by citing to a previous trial transcript in support of his position. He appeared to be in sound mental and physical health and the subject of no undue influences.

This Court reminded Mr. Moore, and he expressed his understanding that, while he was entitled to representation on appeal, nevertheless a trained appellate attorney will more likely be better equipped than a *pro se* litigant to:

(1) make a reasoned selection of which issues to argue on appeal;

(2) ensure that the record is properly assembled to support the issues raised;

(3) draft an appellate brief; and

(4) orally argue the appeal (the Court emphasized to Mr. Moore that he likely will barred from doing so in light of his incarceration).

Defendant also expressed his understanding that, if he represented himself and lost on appeal, he very well may not have any further remedy beyond a possible appeal to the U.S. Supreme Court.

■ In that the Sixth Amendment does not require this Court to appoint standby counsel, or counsel to assist in specific technical matters, *U.S. v. Patterson*, 42 F.3d 246, 248 (5th Cir.1994), *cert. denied*, — U.S. ——, 115 S.Ct. 1834, 131 L.Ed.2d 754 (1995), this Court declined the Government's suggestion to do so, especially since Mr. Moore made no such request, has discharged two appellate lawyers, and is adamant in his quest to represent himself.

**SO ORDERED.**