Gene C. **STEELE, et ux Sally Steele and Gene C. Steele as the Executor of the Estate of William B. Duke, Deceased, and Tom F. Simmons, Appellants,**

v.

John B. **McDONALD, Bobby Reed, Joe Cannon, Cara H. Hughes, Eugene T. McLaughlin, Stanley F. Swenson, Jerry Calhoon, J. Christopher Kolstad, Bobby Freeman, Mitchell Energy Corp., and Brian L. Gibson, Appellees.**

No. 10–05–00266–CV.

Court of Appeals of Texas, Waco.

July 11, 2006.

Brice B. Beale, The Beale Law Firm, Houston, for appellants.

W. Robert Brown, R. Clay Vilt, Houston, James V. Fulcher, Teague, Jon Miller, Bryan, for appellees.

## CONCURRING OPINION TO LETTER ORDER

TOM GRAY, Chief Justice.

Because the majority refuses to notify the practitioners of what appears to be a fundamental shift in the variance from the rules that the majority is willing to accept, I feel I must do so.

Recently in *Reed v. State,* the Court sent the following letter:

> The Court received and filed the Brief of Appellant on May 5, 2006. Because the brief does not contain the "Identities of Parties and Counsel" and a "Summary of the Argument," it does not comply with Texas Rules of Appellate Procedure 38.1(a) and 38.1(g). *See* Tex.R.App. P. 38.1(a), 38.1(g). If an amended brief that corrects these defects is not filed within twenty-one days, the brief will be stricken (*see* Tex.R.App. P. 9.4(i), 38.9(a)), and the appeal will proceed as if no appellant's brief was filed. *See* Tex. R.App. P. 38.8(b).
>
> **As ordered by the Court, in Chambers.**

*Reed v. State,* No. 10–05–00144–CR, Letter, May 15, 2006.

In response to that order, I submitted the following note:

> (Chief Justice Gray notes that previously this Court has not required strict compliance with the rules regarding the form and content of briefs and that this order represents a significant departure from our past practice. If this signals a permanent shift in the Court's approach to the briefing requirements, he would publish this order so that the appellate practitioners would be on notice of this change. Because he has no reason to believe this represents a fundamental shift in this Court's practice, he would not strike this brief.)

*Id.*

In this case they have sent the following letter:

> The Court received and filed the Appellants' Brief on June 12, 2006. Because the brief does not (1) cite any pertinent legal authorities to support the third issue or (2) contain an appendix with the "necessary contents," it does not comply with subsections (h) and (j) of Rule of Appellate Procedure 38.1. *See* Tex. R.App. P. 38.1(h), (j). If an amended brief that corrects these defects is not filed within 21 days after the date of this letter, the brief will be struck, and the appeal will proceed as if no appellants' brief was filed. *See* Tex.R.App. P. 9.4(i), 38.8(b), 38.9(a).

Thus, there does appear to be a fundamental shift in what this Court is willing to tolerate as a departure from the briefing rules. I feel practitioners are entitled to know about such a fundamental change.

When I first arrived at the Court in 1999, I thought we were extraordinarily lax in our enforcement of the briefing rules. My efforts to require compliance with the briefing rules were rejected by the other members of the Court. Basically, we have accepted anything that looked like a brief. When the makeup of the Court changed in 2003/2004, we did not change what we would accept and continued to file and work from pretty much anything that looked like a brief; and trust me, we have really had to use our imagination on some.

But now we have required rebriefing because of the following deficiencies:

1. The brief failed to contain the Identities of Parties and Counsel;
2. The brief failed to contain the Summary of the Argument;
3. The brief failed to cite any legal authority to support one of the issues; and
4. The brief failed to contain the necessary contents in the appendix.

Whether it actually takes two of these deficiencies in a single brief before it is rejected remains unclear. Both of these cases had at least two deficiencies. But what is clear is that failure to comply with the briefing rules will now result in having your brief declared noncompliant and re-briefing ordered.

I must note, however, one oddity of the majority's procedure. They do not actually strike the noncompliant brief. They declare the brief deficient and state that it will be stricken if a compliant brief is not filed. The noncompliant brief remains filed if a compliant brief is filed. It would be much cleaner if we simply did what the rules specify when a nonconforming document is filed, "strike the document and return all nonconforming copies to the filing party." Tex.R.App. P. 9.4(i). But I guess the majority does not choose to strictly comply with that rule—yet.

Because I have long sought greater compliance with the briefing rules, I join in this fundamental shift in what we will accept. My largest regret in this process is that we file the nonconforming document and a substantial amount of time passes before the parties are notified that it is not a conforming document. If the nonconforming document is the appellant's brief, the appellee's timetable for filing a response may expire before they are notified that the brief to which the appellee is preparing a response has been deemed deficient.

Further, based on the orders, the nonconforming appellant's brief is not stricken and, apparently, will not be stricken if a compliant brief is filed. What do we and the appellee do with the originally filed, defective, but not stricken, appellant's brief?

The Texas Rules of Appellate Procedure are a comprehensive set of rules for appellate practitioners. They are all we need. They should all be applied. While I would go further and strike the noncompliant briefs and return them to the party that filed them, I can concur in the determination that the briefs are defective[1] and order filing rule-conforming briefs.

---

1. I do have grave reservations about requiring rebriefing on an issue that does not contain argument or citations to the relevant authorities. This has traditionally been used as a procedural default to presentation of an issue for review, particularly if the opposing party complains in response to an inadequately briefed issue. *See Sweed v. City of El Paso,* No. 08–05–00287–CV, 195 S.W.3d 784, 786, 2006 WL 1653648, *2, 2006 Tex.App. LEXIS 5083, *5–6 (Tex.App.-El Paso June 15, 2006, no pet. h.) (not designated for publication); *Engelbretson v. Hyder,* No. 10–02–00320–CV, 2005 WL 168838, *2, 2005 Tex.App. LEXIS 630, *5 (Tex.App.-Waco Jan. 26, 2005, pet. denied) (mem.op.).