**Gene C. STEELE, et al., Appellants,**

v.

**John B. McDONALD, et al., Appellees.**

**No. 10–05–00266–CV.**

Court of Appeals of Texas, Waco.

Oct. 18, 2006.

Brice B. Beale, The Beale Law Firm, Houston, for appellants.

James V. Fulcher, Attorney At Law, Teague, Jon Miller, Rodgers, Miller & McLain, Bryan, Clay R. Vilt, Attorney At Law, Gus G. Tamborello, Attorney At Law, W. Robert Brown, Attorney At Law, Houston, Richard L. Tate, Attorney At Law, Richmond, James C. Boone, Attorney At Law, Palestine, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER

PER CURIAM.

There are four appellants in this case: Gene C. Steele as an individual, Gene C. Steele as Independent Executor of the Estate of William B. Duke, Sally Steele (Gene's wife), and Tom F. Simmons. When the appeal was perfected, all four were represented by Brice B. Beale. However, Gene has now discharged Beale, but it is unclear whether Sally or Tom has and whether Gene has in his capacity as Independent Executor of the Duke Estate. Because of the current uncertainty regarding Beale's status, we will order Beale to either (1) file a written response indicating that he continues to represent some or all of the appellants, a notice of non-representation, or a motion to withdraw; or (2) appear in this Court and show cause why his representation of any of the appellants should continue.

The Clerk of this Court advised Beale by letter dated July 11, 2006 that the appellants' brief he filed on June 12, 2006 is deficient. The letter notified Beale that an amended brief correcting the deficiencies identified must be filed within twenty-one days or the brief would be struck. To date, Beale has not filed an amended brief or otherwise responded to the Clerk's notice. Accordingly, the brief Beale filed on June 12, 2006 is struck. *See* Tex.R.App. P. 9.4(i).

### Representation of Individuals

Gene notified the Clerk of this Court by letter dated August 16 that "Brice B. Beale, attorney of record for the appellants, has been released as counsel."

■ "A client can discharge an attorney at any time, with or without cause." *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 335 (Tex.1999) (orig.proceeding); *accord* Tex.

DISCIPLINARY R. PROF'L CONDUCT 1.15(a)(3) & cmt. 4, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9). A formal motion to withdraw is not required to effectuate the client's intentions in this regard. *See Users Sys. Servs.,* 22 S.W.3d at 335–36.

According to Gene at least, the appealing parties have terminated Beale's representation. Gene states that he will be representing himself. He provides his name and address as "Appellants Pro–SE contact information." However, because Gene is not licensed to practice law, he is prohibited from representing his co-appellants. *See* TEX. GOV'T CODE ANN. § 81.102 (Vernon 2005); *Jimison v. Mann,* 957 S.W.2d 860, 861–62 (Tex.App.-Amarillo 1997, order) (per curiam). Therefore, Sally and Tom either continue to be represented by Beale, which appears unlikely in light of Gene's letter, or they are not currently represented in this matter.[1]

### Representation of the Independent Executor

 It is not at all clear whether Gene may appear *pro se* as an independent executor. Rule of Civil Procedure 7 states, "Any party to a suit may appear and prosecute or defend *his rights* therein, either in person or by an attorney of the court." TEX.R. CIV. P. 7 (emphasis added). A plain reading of Rule 7 suggests that Gene may not appear *pro se* as Independent Executor of the Duke Estate because in this role he is litigating rights in a representative capacity rather than on his own behalf.

Our research has not disclosed a Texas case involving the representative of a decedent's estate prosecuting a suit in behalf of the estate *pro se.*[2]

Courts in other jurisdictions which have addressed this issue have virtually all concluded that the representative of an estate may not appear *pro se* in behalf of the estate. *See Godwin v. State ex rel. McKnight,* 784 So.2d 1014, 1015 (Ala.2000); *Davenport v. Lee,* 348 Ark. 148, 72 S.W.3d 85, 90–91 (2002); *Ratcliffe v. Apantaku,* 318 Ill.App.3d 621, 252 Ill.Dec. 305, 742 N.E.2d 843, 847 (2000); *State v. Simanonok,* 539 A.2d 211, 212–13 (Me.1988) (per curiam); *Waite v. Carpenter,* 1 Neb.App. 321, 496 N.W.2d 1, 3–4 (1992); *Kasharian v. Wilentz,* 93 N.J.Super. 479, 226 A.2d 437, 438–39 (1967) (per curiam); *Brown v. Coe,* 365 S.C. 137, 616 S.E.2d 705, 708 (2005); *State ex rel. Baker v. County Ct. of Rock County,* 29 Wis.2d 1, 138 N.W.2d 162, 166 (1965); *see also Jones v. Correctional Med. Servs., Inc.,* 401 F.3d 950, 951–52 (8th Cir.2005) (representative of estate may not proceed *pro se* if estate has other beneficiaries or creditors); *Shepherd v. Wellman,* 313 F.3d 963, 970–71 (6th Cir. 2002) (same); *Iannaccone v. Law,* 142 F.3d 553, 559 (2d Cir.1998) (same); *contra Reshard v. Britt,* 819 F.2d 1573, 1582–83 (11th Cir.1987), *vacated en banc by an equally divided court,* 839 F.2d 1499 (11th Cir.1988) (per curiam).

Consistent with these authorities, we hold that Gene may not prosecute this appeal *pro se* in his capacity as Independent Executor of the Duke Estate. Thus, Gene as Independent Executor is either

1. Tom has co-signed with Gene the "Appellants' Rebuttal to Brief of Appellee Floyd Duke, Jr." and another pleading. His actions in this regard provide further indication that he has terminated Beale's representation and is representing himself. Tom identifies himself as "Thomas E. Simmons" in these pleadings. However, he was identified in the notice of appeal as "Tom F. Simmons." We

will continue to use the name used in the notice of appeal, unless Tom establishes that it is a misnomer.

2. Texas courts have consistently held that a non-attorney may not appear *pro se* in behalf of a corporation. *See, e.g., Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA,* 937 S.W.2d 455, 456 (Tex.1996) (per curiam).

represented by Beale or not currently represented in this matter.

### Determination of Representation

Beale is the person best situated to resolve the ambiguity regarding the current representation of Sally and Tom as individuals and of Gene as Independent Executor.

Accordingly, we **ORDER** Brice B. Beale to file, **within fifteen (15) days after the date of this Order,** either (i) a written response indicating that he continues to represent some or all of the appellants, (ii) a non-representation notice under Rule of Appellate Procedure Rule 6.4, or (iii) a motion to withdraw under Rule of Appellate Procedure 6.5. If none of these documents is timely filed, Brice B. Beale must appear **on November 15, 2006, at 9:00 a.m.,** when this Court is in session at the Tenth Court of Appeals, McLennan County Courthouse, 501 Washington, Room 404, Waco, Texas, to show cause why his representation of some or all of the appellants should continue.

**FAILURE OF BRICE B. BEALE TO COMPLY WITH THIS ORDER MAY RESULT IN THE ISSUANCE OF A JUDGMENT OF CONTEMPT.**

The Court orders that this Order be personally served on Brice B. Beale by overnight delivery via a commercial delivery service within the meaning of Rule of Appellate Procedure 9.5(b).

### Appellant's Brief

■ Gene filed a *pro se* brief on July 27 which purports to have been filed on behalf of Sally and Tom as individuals and on behalf of himself as Independent Executor. However, Gene is prohibited by law from filing a brief on behalf of the other appealing parties.[3] *See* Tex. Gov' t Code Ann. § 81.102; *Jimison,* 957 S.W.2d at 861–62. Thus, no appellant's brief is currently on file for Sally, Tom, or Gene as Independent Executor.

Gene's brief also suffers from one of the same deficiencies as the brief filed by Beale—the omission of an appendix with the "necessary contents" prescribed by Rule of Appellate Procedure 38.1(j)(1).[4] *See* Tex.R.App. P. 38.1(j)(1). Therefore, Gene is hereby notified that, if he fails to file the original and five copies of an appendix containing the "necessary contents" within twenty-one (21) days after the date of this Order, his *pro se* brief will be struck, and the appeal will proceed as if no appellant's brief had been filed on Gene's

---

**3.** Although Gene cannot engage in the unauthorized practice of law by filing a brief on behalf of his co-appellants, the appellate rules do permit parties to adopt by reference a brief filed by another party. *See* Tex.R.App. P. 9.7. However, neither Sally nor Tom has done so. Because Gene as Independent Executor cannot prosecute this appeal *pro se,* he likewise cannot, as Independent Executor, adopt by reference the *pro se* brief he filed in his own behalf. Tom's co-signature on the "rebuttal" brief does not adopt by reference Gene's *pro se* brief.

**4.** Rule 38.1(j)(1) provides:
Necessary Contents. Unless voluminous or impracticable, the appendix must contain a copy of:

(A) the trial court's judgment or other appealable order from which relief is sought;
(B) the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and
(C) the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.

Tex.R.App. P. 38.1(j)(1). Local Rule 13 further provides, "Every 'necessary' and 'optional' appendix must have an index and each appended document must be preceded by a numbered or lettered tab." 10th Tex.App. (Waco) Loc. R. 13.

behalf. *Id.* 9.3(a)(1)(C), 9.4(i), 38.8(a), 38.9(a).

With regard to an appellant's brief to be filed on behalf of Sally and/or Tom as individuals and Gene as Independent Executor, no brief will be required until it is determined which of them is represented by counsel and which are appearing *pro se.*[5]

### Appellees' Brief

Appellees filed a brief in response to Gene's brief on August 30. They have also filed a motion to dismiss the appeal, in which they request damages under Rule of Appellate Procedure 45 based on their contention that this is a frivolous appeal. However, this motion will not be considered until the issues surrounding Appellants' representation are resolved. Appellees will be permitted to file a supplemental or amended brief as necessary.

IT IS SO ORDERED.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice,
Memorandum dissenting opinion to Order.

An independent executor can do anything the decedent could do if he was still alive, unless there is some limitation upon the independent executor's powers at the time of the appointment.[1] *See generally cases cited in Kanz v. Hood,* 17 S.W.3d 311, 316–317 (Tex.App.-Waco 2000, pet. denied) (Gray, C.J., dissenting). I would include in that expansive statement of authorized acts the ability to appear on behalf of the estate and act as the decedent could with regard to being the litigant in a judicial proceeding. Today's holding to the contrary by the majority causes me grave concern for truly cost effective independent administration of estates in Texas. For this reason and as explained below, I dissent.

Texas has long been recognized for the truly effective independent administration of a decedent's estate. Probate planning in other states frequently involves setting up trusts during the life of the decedent to own and control assets and, more importantly, keep them from becoming part of the decedent's estate subject to the administration of the probate court at the time of the decedent's death. That type planning, and its attendant costs, is avoided in Texas by our very effective and efficient administration of estates using truly independent administrators, though it may be used in Texas for other purposes. All over Texas estates are being probated, inventories prepared and filed, and estates being closed without an attorney being involved. I do not see how that can continue under the holding of the majority that although Gene had appeared as his own attorney, representing himself individually and as independent executor of Duke's Estate, "Gene, as independent executor, is either represented by Beale [an attorney] or not currently represented in this matter." Maj. Op. pgs. 928–929.

I find no help or support for this holding in the citation of out of state authorities on this issue. And I note that even that authority is divided. But unless those states provide for Texas style independent administration, and the person attempting to represent the estate in those cases was appointed as the independent executor of

---

5. Because of the uncertainty regarding who currently represents Sally, Tom, and Gene as Independent Executor, they will each be served with a copy of this Order, as will counsel for Appellees.

1. None of the parties have briefed this issue so we have not been provided with the documentation or discussion of case authorities that would help us resolve the scope of Gene Steele's appointment.

the estate, and also unless the powers of the independent administrator in those states are as broad as the powers of an independent administrator in Texas, the discussion of out of state authority is suspect and the reliance on that authority is misplaced.

As I previously stated, I would already have stricken the brief filed by attorney Beale for failure to comply with the rules. *See Steele v. McDonald,* 195 S.W.3d 349, 350 (Tex.App.-Waco 2006, order) (Gray, C.J., concurring to letter order).[2] Likewise, I would now strike the brief tendered by Gene Steele for the same reason, noncompliance with the rules. I would then notify all four appellants that they have one final opportunity to file a compliant brief or their appeal will be dismissed for want of prosecution due to the failure to file a brief that complies with the rules.

Finally, to placate the concern of the majority, we could specifically notify Gene Steele in his capacity as independent executor that there may be an issue of wheth-er, as independent executor, he can appear as the personal representative of an estate in litigation involving the estate. For certain, I would not decide this issue without briefing as the majority has done. The expansive holding of the majority means that nothing can be done by a personal representative in any judicial proceeding other than via an attorney. This is not the law. Further, this holding will come as an enormous surprise to the personal representatives of estates that have been and are currently being probated and who regularly represent the estate as independent executor in judicial proceedings without being represented by counsel.

I join no part of the majority's order.

---

**2.** Though, based on subsequent events, I now question the majority's resolve to apply the rules consistently to all litigants, I would at least be consistent for this proceeding.