IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00266-CV

 

Gene C. Steele, et ux Sally Steele,

and Gene C. Steele as the Executor 

of the Estate of William B. Duke, 

Deceased, and Tom F. Simmons,

                                                                      Appellants

 v.

 

John B. McDonald, Bobby Reed, JOE

Cannon, Cara H. Hughes, eugene t. 

McLaughlin, Stanley F. Swenson, 

Jerry Calhoon, J. Christopher 

Kolstad, Bobby Freeman, Mitchell 

Energy Corp., and Brian L. Gibson,

                                                                      Appellees

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 22179-A

 



MEMORANDUM DISSENTING Opinion to order










 

          An independent executor can do
anything the decedent could do if he was still alive, unless there is some
limitation upon the independent executor’s powers at the time of the
appointment.[1]  See
generally cases cited in Kanz v. Hood, 17 S.W.3d 311, 316-317 (Tex.
App.—Waco 2000, pet. denied) (Gray, C.J., dissenting).  I would include in that
expansive statement of authorized acts the ability to appear on behalf of the
estate and act as the decedent could with regard to being the litigant in a
judicial proceeding.  Today’s holding to the contrary by the majority causes me
grave concern for truly cost effective independent administration of estates in
 Texas.  For this reason and as explained below, I dissent.

          Texas has long been recognized for the
truly effective independent administration of a decedent’s estate.  Probate
planning in other states frequently involves setting up trusts during the life
of the decedent to own and control assets and, more importantly, keep them from
becoming part of the decedent’s estate subject to the administration of the
probate court at the time of the decedent’s death.  That type planning, and its
attendant costs, is avoided in Texas by our very effective and efficient
administration of estates using truly independent administrators, though it may
be used in Texas for other purposes.  All over Texas estates are being
probated, inventories prepared and filed, and estates being closed without an
attorney being involved.  I do not see how that can continue under the holding
of the majority that although Gene had appeared as his own attorney,
representing himself individually and as independent executor of Duke’s Estate,
“Gene, as independent executor, is either represented by Beale [an attorney] or
not currently represented in this matter.”  Maj. Op. pg. 4.

          I find no help or support for this
holding in the citation of out of state authorities on this issue.  And I note
that even that authority is divided.  But unless those states provide for Texas
style independent administration, and the person attempting to represent the
estate in those cases was appointed as the independent executor of the estate,
and also unless the powers of the independent administrator in those states are
as broad as the powers of an independent administrator in Texas, the discussion
of out of state authority is suspect and the reliance on that authority is
misplaced.

          As I previously stated, I would
already have stricken the brief filed by attorney Beale for failure to comply
with the rules.  See Steele v. McDonald, 195 S.W.3d 349, 350
(Tex. App.—Waco 2006, order) (Gray, C.J., concurring to letter order).[2] 
Likewise, I would now strike the brief tendered by Gene Steele for the same
reason, noncompliance with the rules.  I would then notify all four appellants
that they have one final opportunity to file a compliant brief or their appeal
will be dismissed for want of prosecution due to the failure to file a brief
that complies with the rules.

          Finally, to placate the concern of the
majority, we could specifically notify Gene Steele in his capacity as
independent executor that there may be an issue of whether, as independent
executor, he can appear as the personal representative of an estate in
litigation involving the estate.  For certain, I would not decide this issue without
briefing as the majority has done.  The expansive holding of the majority means
that nothing can be done by a personal representative in any judicial
proceeding other than via an attorney.  This is not the law.  Further, this
holding will come as an enormous surprise to the personal representatives of
estates that have been and are currently being probated and who regularly
represent the estate as independent executor in judicial proceedings without being
represented by counsel.

          I join no part of the majority’s
order.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed October 18, 2006

Publish









[1]
None of the parties have briefed this
issue so we have not been provided with the documentation or discussion of case
authorities that would help us resolve the scope of Gene Steele’s appointment.





[2]
Though, based on subsequent events, I now
question the majority’s resolve to apply the rules consistently to all
litigants, I would at least be consistent for this proceeding.








serif">Vinson did not perfect an appeal. Because the order did not grant a new trial and the State
did not assert any other permissible ground for appeal, the State cannot appeal. See Tex. Code
Crim. Proc. Ann. art. 44.01 (Vernon Supp. 1999) (permitting the State to appeal some matters). 
The judgment of conviction is final. Thus, we dismiss this appeal for want of jurisdiction.

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Dismissed
Opinion delivered and filed November 3, 1999
Publish