

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00034-CV

**GLORIA BAZE AND ALAHNA BAZE, A MINOR,**

          **Appellants**

 **v.**

**STACY CHANDLER, AS NEXT FRIEND
KATLYN CHANDLER,**

          **Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. C201000122

## MEMORANDUM OPINION

Gloria Baze, representing herself, filed a notice of appeal which appears to be on behalf of herself and Alahna Baze, allegedly a minor. In letters dated February 17, 2011, and March 24, 2011 the Clerk of this Court informed Gloria and Alahna, respectively, that it appeared from the notice of appeal that Gloria is not an attorney; therefore, she was prohibited from representing Alahna on appeal. *See* TEX. GOV'T. CODE ANN. § 81.102 (West 2005); *Gomez v. Collins*, 993 F.2d 96, 98 (5th Cir. 1993) ("[L]ay representation on a direct appeal is clearly impermissible. *United States v. Bertolini*, 576

F.2d 1133, 1133 (5th Cir. 1978)"); *Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, order). *See Elwell v. Mayfield*, No. 10-04-00322-CV, 2005 Tex. App. LEXIS 6356, at *8-11 (Tex. App.—Waco Aug. 10, 2005, pet. denied) (mem. op.) (a non-attorney cannot sign pleadings on behalf of a pro-se litigant); *Magaha v. Holmes*, 886 S.W.2d 447, 448 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (holding that plaintiff's mother could not act as his attorney because she was not licensed to practice law); *see also Spigener v. Lee*, No. 10-08-00280-CV (Tex. App.—Waco Dec. 3, 2008, order) (not designated for publication) (non-attorney cannot sign pleadings on behalf of a pro-se litigant).

In those same letters, the Clerk informed Gloria and Alahna that the Court questioned whether Alahna may represent herself on appeal. *See Greathouse v. Ft. Worth & D.C.R. Co.*, 65 S.W.2d 762, 765 (Tex. Comm'n App. 1933). The Clerk then notified Gloria and Alahna that the Court would dismiss the appeal as to Alahna unless, within 21 days of the date of the letter, a response was filed showing grounds for continuing the appeal. TEX. R. APP. P. 42.3; 44.3. Gloria and Alahna were further warned that the failure to file a response as requested would result in the dismissal of the appeal as to Alahna without further notification for failure to comply with the letter order or a notice from the Clerk. TEX. R. APP. P. 42.3(c).

More than 21 days have passed and we have not received a response from Alahna. Gloria responded but her response does not provide grounds for continuing the appeal as to Alahna.

Gloria has now filed a motion to dismiss the appeal as to her. *See* TEX. R. APP. P. 42.1.

Accordingly, the entire appeal is dismissed.  *See Id*. 42.1, 42.3(c).

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing.  TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007).  S*ee also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. § 51.207(b); § 51.941(a) (West 2005); and § 51.208 (West Supp. 2010).  Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case.  TEX. R. APP. P. 2.  The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed July 20, 2011
[CV06]