

IN THE
TENTH COURT OF APPEALS

—————————

No. 10-14-00136-CR

EX PARTE GLADYS SUE NUTALL

—————————

From the 361st District Court
Brazos County, Texas
Trial Court No. 06-02036-CRF-361-A

MEMORANDUM OPINION

A notice of appeal on behalf of appellant, Gladys Nutall, was filed with the Court on May 14, 2014. Nutall appears to appeal from the trial court's denial of a post-conviction writ of habeas corpus. The notice of appeal, however, was written, signed, and mailed to the Court by a prison inmate, David Hunter. There is no indication that David Hunter is an attorney and we have not found him listed by the State Bar of Texas as an attorney licensed to practice in Texas. TEX. GOV'T. CODE ANN. § 81.102 (West 2005). Hunter alleges he is Nutall's husband.

By letter dated May 20, 2014, the Clerk of this Court notified Nutall, through Hunter, that although "any person" may file a petition for writ of habeas corpus for an

applicant, *see* TEX. CODE CRIM. PROC. ANN. art. 11.12 (West 2005), an appellant cannot be represented by someone who is not an attorney. *Gomez v. Collins*, 993 F.2d 96, 98 (5th Cir. 1993) ("[L]ay representation on a direct appeal is clearly impermissible. *United States v. Bertolini*, 576 F.2d 1133, 1133 (5th Cir.1978)"). *See also* TEX. GOV'T. CODE ANN. § 81.102 (West 2005). The Clerk also notified Nutall in the same letter that a new notice of appeal, signed by Nutall, herself, must be filed with the clerk of this Court within 14 days from the date of the May 20, 2014 letter. Nutall was warned that if a new notice of appeal signed by Nutall was not timely filed with the Clerk, this appeal would be dismissed without further notice. TEX. R. APP. P. 44.3.

More than 14 days have passed, and no new notice of appeal has been filed. Accordingly, this appeal is dismissed.[1] *Id.*


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Appeal dismissed
Opinion delivered and filed June 12, 2014
Do not publish
[CR25]

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by the Court of Criminal Appeals, a petition for discretionary review must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. TEX. R. APP. P. 68.2 (a).