

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00106-CV

RARE ENDOWMENT, LLC, Appellant

V.

GREEN TREE SERVICING, LLC, TRAILER DIVAS, LLC, MORENO'S MOBILE HOME
TRANSPORT, LLC, TEXAS FINEST MANUFACTURED HOUSING, INC., JUSTIN DAVIS
LYNN AND STAYCI BRADFORD, Appellees

On Appeal from the 40th District Court
Ellis County, Texas
Trial Court No. 79874

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

On August 27, 2018, we notified Randy Algoe and Rare Endowment, LLC, that Texas Finest Manufactured Housing, Inc., an appellee in this case, filed a motion to dismiss[1] this appeal[2] because Algoe, as a non-attorney agent, was attempting to represent the interests of Rare Endowment, LLC, a limited liability corporation, on appeal.

We explained that although Rule 7 of the Texas Rules of Civil Procedure allows an individual to represent himself pro se, that Rule does not apply when a person is litigating corporate rights in a representative capacity. *See Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, no pet.) (per curiam). "Texas courts have consistently held that a nonattorney may not appear pro se on behalf of a corporation." *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 79 (Tex. App.—Texarkana 2008, pet. denied); *see Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam) ("Generally a corporation may be represented only by a licensed attorney, and an individual must appear in person or by an attorney.") (citation omitted); *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.) (trial court was correct to prohibit individual from participating at trial because he was a non-attorney attempting to represent defendant company). The general

---

[1]Appellee Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC, joined in the motion to dismiss, as did Appellees' Stayci Bradford, Moreno's Mobile Home Transport, LLC, and Justin Davis Lynn.

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3

rule that a non-attorney cannot represent a corporate entity applies with the same force and effect in an appellate court as it does in a trial court.

In light of the foregoing, we afforded Rare Endowment, LLC, the opportunity to retain an attorney authorized to practice law in the State of Texas to represent its interests in this appeal and to file a brief on its behalf. We warned that the failure to do so would result in the dismissal of this appeal. *See* TEX. R. APP. P. 42.3(b), (c). In response, Algoe requested an extension of time in which to engage new counsel. We granted that request and directed Algoe to retain counsel to represent the interests of Rare Endowment, LLC, on or before October 18, 2018. We stated that no further extensions of that deadline would be granted and again warned that the failure to satisfy this requirement would result in the dismissal of this appeal for failure to comply with this Court's notice and/or for want of prosecution. *See id.*

Because this Court has not received a notice of appearance by an attorney authorized to practice law in the State of Texas and retained to represent the interests of Rare Endowment, LLC, in this appeal, we dismiss this appeal for want of prosecution.[3]

Bailey C. Moseley
Justice

Date Submitted:     October 29, 2018
Date Decided:       October 30, 2018

---

[3]We deny appellees' motion to dismiss this appeal as moot.

3