**Opinion filed November 25, 2025**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-25-00071-CV

_____

## WALLY YAMMINE AS EXECUTOR OF THE ESTATE OF SIMONA YAMMINE BARRON, Appellant

## V.

## WARREN FONVILLE, PLLC, Appellee

**On Appeal from the County Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C06229**

## M E M O R A N D U M   O P I N I O N

On March 31, 2025, Wally Yammine, "as Executor of the Estate of Simona Yammine Barron," filed a pro se notice of appeal from the trial court's judgment in favor of Appellee, Warren Fonville, PLLC. On May 2, Fonville filed a motion to strike Yammine's notice of appeal and to dismiss the appeal because Yammine is not an attorney and is "acting *pro se* in a representative capacity on behalf of the Estate." After requesting responses and considering filings by both parties, we ultimately abated the case for an evidentiary hearing on Yammine's ability to

proceed in a representative capacity in this appeal. We grant Fonville's motion and dismiss the appeal.

We first allowed Yammine an opportunity to respond to Fonville's motion to dismiss, requesting that he file a response by May 27. On May 28, Yammine instead filed a motion for extension of time to file his response "to give him time to hire counsel and respond to the motion in this matter." Although Fonville responded and asked that we "enforce the current deadlines" given Yammine's "refus[al] to follow" the appellate rules, we granted Yammine's request for an extension and issued an order the same day.

The order highlighted the capacity issue for the parties so that Yammine had the appropriate opportunity to respond and/or hire an attorney to proceed on behalf of the estate if he did not have the capacity to pursue this appeal as its representative. *See* TEX. R. CIV. P. 7; *Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, no pet.) (collecting cases); *see Swain v. Dobbs*, 692 S.W.3d 720, 728 (Tex. App.—Corpus Christi-Edinburg 2023, no pet.). Specifically, and given the lack of documentation and responses in support of his ability to proceed, our order (1) questioned Yammine's ability to proceed in a representative capacity and (2) requested that the estate hire an attorney by June 27 and have that attorney file an amended notice of appeal to correct the defect in his pro se notice of appeal. *See* TEX. R. APP. P. 25.1(g). We stated that the "failure to timely do so [would] result in the granting of Fonville's motion and the dismissal of this appeal." *See* TEX. R. APP. P. 42.3. Yammine did not file a response or hire an attorney by the June 27 deadline.

However, on June 27, the Texas Supreme Court issued its opinion in *Suday*, wherein it reaffirmed its holding in *Shaffer* and additionally held that "an executor may represent the estate pro se when [he] is also the sole beneficiary of the estate." *Suday v. Suday*, 716 S.W.3d 586, 590 (Tex. 2025); *see Ex parte Shaffer*, 649 S.W.2d

2

300, 302 (Tex. 1983) (In a case where the independent executor was sued by the widow for breach of fiduciary duty in that capacity, the executor could proceed pro se because his own interests were at stake.). The court clarified that its holding in *Suday* was "narrow" and "expressly reserve[d] for a future case—whether and to what extent the executor of a single-beneficiary estate that [has] creditors may represent the estate's interests pro se." *Suday*, 716 S.W.3d at 589 n.2, 590 (emphasis omitted).

We notified the parties by letter that the supreme court had issued *Suday*, and we requested a response from both parties regarding whether Yammine may represent himself in this appeal under any circumstances. Fonville filed a supplemental motion to dismiss and a response to our request, stating that (1) Yammine has judicially admitted that he must have an attorney, (2) Fonville's claims were brought against Yammine in his representative capacity, not in his individual capacity, (3) the estate involves claims by multiple creditors, (4) the creditors *and* Yammine are beneficiaries, and (5) *Suday* is distinguishable. After we granted Yammine another extension of time to file a response, he responded that "*Suday* **mandates** that Appellant be permitted to proceed pro se in this case" because he is the sole beneficiary and because the estate does not involve "other creditors" other than Fonville, who is "the only and disputed creditor."

In an effort to protect the rights of both parties, we abated the appeal for the trial court to hold an evidentiary hearing on the capacity issue. We directed the trial court to develop evidence and determine whether, in light of the supreme court's decisions in *Suday* and *Shaffer*, (1) Fonville's claims were brought against Yammine in his capacity as the executor of Simona's estate or in his individual capacity; (2) Simona's estate has more than one creditor; (3) Yammine is the sole beneficiary of the estate; and (4) Yammine may represent himself in this appeal under any circumstances. To allow the parties to properly present evidence and arguments at

3

this hearing, we directed the trial court and the trial court clerk's office to presume that Yammine could proceed pro se during the evidentiary hearing. We further permitted the trial court may make additional findings in aid of resolving this issue.

The trial court held the evidentiary hearing on October 7.[1] Yammine did not appear after receiving "due notice of [the] proceeding." Among other documents and evidence, Fonville presented his original petition with a sworn affidavit, the final judgment, the application to probate Simona's will by Yammine's attorney in 2022, Simona's will, and an answer by a judgment creditor. The trial court admitted the exhibits into evidence for purposes of this hearing.

As to the first question, the trial court found that Fonville's claims were brought against Yammine in his capacity as the executor of Simona's estate. As to the second and third questions, the trial court found that Simona's estate "does, in fact, have more than one creditor" and that "Yammine is not the sole beneficiary of the estate." For the remaining question, the trial court made "a ruling that based on the evidence before the Court, [Yammine] may not represent himself in this appeal under any circumstance as the executor of the estate" and that Yammine "is not a party as an individual in any of the proceedings before this Court." The trial court made the additional finding that Yammine "appears to have not actually hired counsel as he represented to the Court of Appeals he was intending to do." The trial court issued written findings of fact and conclusions of law consistent with the above.

We conclude that Yammine does not have the ability to proceed pro se in a representative capacity in this appeal. Simona's estate has more than one creditor, and it appears that Yammine's rights are not the only ones at stake. *See Walker v.*

---

[1]The Honorable Don Chrestman was assigned to the case below on June 11, after the Honorable Shane Long, the presiding judge of the County Court of Palo Pinto County, voluntarily recused himself from the trial court proceedings.

*BoRain Capital Fund-V, LLC*, No. 02-25-00291-CV, 2025 WL 2989770, at *2 (Tex. App.—Fort Worth Oct. 23, 2025, no pet. h.) (mem. op.); *In re Linwood*, No. 05-25-00983-CV, 2025 WL 2262400, at *1 (Tex. App.—Dallas Aug. 7, 2025, orig. proceeding); *see also Suday*, 716 S.W.3d at 588–90.  When we reinstated the appeal on October 29, we informed the parties that the appeal was subject to dismissal. Rather than responding or hiring an attorney, Yammine filed a motion to stay the appeal "pending resolution of the Motion for New Trial, filed in the trial court on November 6th, 2025."

We grant Fonville's motions to dismiss and dismiss this appeal for want of jurisdiction.  *See Walker*, 2025 WL 2989770, at *2.  Any other pending motions, including Yammine's motion to stay the appeal, are dismissed as moot.


W. BRUCE WILLIAMS
JUSTICE


November 25, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.